KC **F I L E D**

DEC 1 8 2007
DEC 18, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States District Court
Northern District of Illinois
Eastern Division of Illinois

Kathryn M. Lakeberg )
)
v. )
)
United Parcel Service )
Larry Kruml (United Parcel Service) )
Sue Jabrowski (United Parcel Service) )
Teamster Local Union 705 )
Kenny Emanulson (Teamster Local Union 705) )
Daryl Cessaradi (Teamster Local Union 705) )
Jim Krahula (Teamster Local Union 705) )
Lisa Hendrickson (Teamster Local Union 705) )

**07CV7095**
**JUDGE SHADUR**
**MAGISTRATE JUDGE COX**

## COMPLAINT

From 2003 through 2005 Larry Kruml, the center manager at United Parcel Service ("UPS")
failed to comply with the Collective Bargaining Agreement ("CBA"). He dishonestly reported to
the Illinois Department of Human Rights ("IDHR") the reasoning for discharging me. My
employee records were embellished, I was excluded from my employment records, disciplined
differently, treated less favorable than other similar situated employees and I was charged with
other employee's errors. Members of Teamsters Local Union 705 denied me participation in the
labor agreement by denying me a timely grievance, a viewing of my employment records and an
investigation of the facts. The Union did not process a grievance on my behalf as similar
situated male employees that were also discharged. I was not discharged for just cause.

I am requesting the court to enforce that the disputed portions of my employment file be
reviewed with the inclusion of my written statements and that false records be expunged.

From March 7, 2005, I would like to request a monetary settlement for the difference in salary
until I am able to maintain the same salary at my present job with a different Local Union 710. I
also lost approximately two years of pension as a teamster. I have to under go two years until I
make top scale pay that was formerly making a UPS. I also lost incurred vacation weeks. I also

incurred legal fees investigating the facts.

1. Larry Kruml (the center manager for UPS) and members of his management team engaged in several acts of defamation by alternating the words on customer concerns and excluding me from my employment records. I was discharged on March 7, 2005, by Kruml. I was not discharged for just cause. I was intentionally and willfully excluded from documentation. Daryl Cessaradi (a part-time male UPS employee) and union steward at the time was a witness to this. Around February 4, 2005, Kruml discussed a complaint that a customer had allegedly filed against me. Kruml gave me no written documentation regarding the complaint and I did not engage in any willful misconduct that would warrant a customer complaint (Kruml had a history of excluding me from documentation since 2003). I left Kruml's office to complete my work assignments when he asked Cessaradi, who I barely knew to initial a Document of Conversation. Cessaradi confessed he did not read the document. Kruml did not mention disciplinary action while Cessaradi and I were in his office.

2. On March 7, 2005, Kruml told me he was discharging me for the complaint I was never shown.

3. On March 9, 2005, John Abbot (a coworker from UPS) accompanied me to the Local Union 705 Headquarters. We spoke with Local Union 705 Teamster Kenny Emanulson about filing a grievance in regards to my discharge. I told him Kruml had given me no written warning and that a grievance had to be filed by March 22, 2005, fifteen days after my discharge, pursuant to Article Seven of the CBA, I also requested to review my file.

4. Emanulson never filed a timely grievance or got my employment records. Steve Prowtoski (a Local Union Agent) told me I did not need a written receipt.

5. I reported this incident to the National Labor Relations Board ("NLRB"). The NLRB ruled the Union's apparent negligence was not for arbitrary suspicious or conspicuous reasons. The sole purpose of going to the NLRB was to grieve my discharge through the

union. The unfair labor practice that Emanulson filed was to protect himself from never filing a grievance. The Unfair Labor Practice ("UFLP") was that I never received my employment records or an investigation of the facts. Emanulson reassured me that he would refile a UFLP but never did.

6. Since the exclusive representative Teamster Local Union 705 did not represent me as the contract stated pursuant to Article 54 and 7, I filed with the Illinois Department of Human Rights ("IDHR"). I knew that males had gotten customer complaints and were treated more favorable and remained employed.

7. UPS failed to stop the harassment I was receiving from Larry Kruml. Kruml had a history of excluding me from documentation since October 2003. Around October 2003, I reported to the UPS anti-harassment number that Kruml was not showing me my employment records and he was also verbally hostile towards me. Daryl Cessaradi told Ms. Ritchie (Human Resources Director) that Kruml had not given me written documentation of my discharge February 2005 through March 7, 2005.

8. In regards to the documentation in my personal file, from July of 2003 through February 2005, several instances were followed up by part-time office manager Sue Jabrowski. Concerns completed by office manager "Scotti" were embellished. The customer's words were altered from the original complaint which is dishonesty. After showing Ms. Anderson the alleged written complaint against me on February 3, 2005, she gave written testimony regarding her complaint. Ms. Anderson also informed me that the female office manager she spoke with gossiped to her about my employment records. The unprofessional behavior of the "unknown" female office manager was a violation of confidentiality pursuant to IL Law 820 ILCS 40/7. Pursuant to IL 820 ILCS 40/6 Ms. Anderson's written testimony should be attached to the concern UPS has on file.

9. Sue Jabrowski had a history of harassing female workers, including other office managers that worked with her. Marcia Avilla (a female UPS Mexican employee) reported first to Local Union 705 members that Jabrowski was harassing her. Finally

when the union took no action Avilla reported Jabrowski's conduct to IDHR. The harassment stopped and Avilla remains employed. IDHR 2003CA27613203.

10. I did not engage in any willful misconduct that would warrant a complaint in February of 2005. Specifically on July 29, 2003, the customer concern states       that I was rude and refused to take a package. The package was labeled for FedEx service. The account Occular Group was later suspended by UPS.       The concern was embellished by "Scotti." The top portion of the concern was recorded by a different UPS employee, and the bottom portion of the concern was completed by "Scotti" who embellished the customer's words.

11. Another customer concern in my employment records was embellished by Kruml's hand written note, September 3, 2003, "rough handling" was changed to "throwing." The customers original concern was altered which is dishonesty. I did not engage in any willful misconduct that would warrant a complaint. Priority Air delivery parcels always takes precedence over Ground deliveries. Matt ran out of the store 84 Lumber after I had delivered all the Air parcels to this business. I stopped to accommodate Matt at approximately 10:20 A.M. which is not rudeness. I had minutes to spare to avoid service failure for other Air Priority parcels. The original customer complaint does not state that I was throwing his packages, it was embellished by Kruml's handwritten note.

12. Lisa Hendrickson, (a female UPS employee and Union Steward) was present when Kruml discussed this. I requested Tom McDonogh (a reputable male Union Steward) pursuant to article 4, CBA to override Hendrickson's representation. After this incident I requested that Hendrickson not represent me anymore. For the two concerns I was not shown my employee records at that time. Tom McDonogh, a trained reputable Union Steward told Kruml to give me a written warning letter Article 54 CBA (See - Request for Letter to Employee 9/4/03). Then McDonough filed a written grievance on by behalf. This is correct procedure pursuant to Article 54 of the CBA. Around October 2003, Tom McDonogh was a witness to the fact that Kruml did not show me my file. He told me that he had to clean it out. Kruml was fully aware what the procedures were for discipline and deviated from them in February of 2005, Daryl Cessaradi was a part-time employee that I

barely knew. Kruml intentionally and willfully gave Cessaradi a Document of Conversation to initial while I was out working on a route. Cessaradi left voice message to be subpoenaed in legally to testify that Emanulson never filed a grievance on my behalf. Cessaradi's voice message is partial to this case.

13. As a female worker I was denied the duty of fair representation by the defendants from Teamsters Local Union 705. Three of the defendants failed to follow Kruml's procedures and were treated more favorably.

    A.  Lisa Hendrickson (female) exceeded 1199 paid hours and was not disciplined (Weekly Operation Report 11/15/03).
    B.  Jim Krahula (male) had a complaint of a rude gesture and was not disciplined by Kruml.
    C.  On August 5, 2003, Chris Wilgus (male) was cited for not scanning packages and was not disciplined by Kruml (AM Prescan Audit Summary 8/5/03).

They do not have documents of discipline for failure to follow procedures. I was treated less favorable than males John Abbot, Major Purnell, James Howard and Russell Ronnallo. The following males were all discharged for the alleged offences: John Abbot (white) - dishonesty, Major Purnell (black) - dishonesty, James Howard (black) - failure to bring a package to the customer's door and Russell Ranallo (white) - unprofessional behavior and swearing in front of customers. All the males listed received a grievance and a panel hearing at the Teamsters Local Union 705 headquarters. Russell Ranallo received a monetary settlement for a delayed grievance. UPS falsely reported Ranallo's age and reason for discharge to IDHR. Ranallo was not thirty five years old on December of 2002, UPS falsified Rannalo's age and reason for discharge. John Abbot and James Howard were both reinstated for employment. Major Purnell's case is pending at IDHR.

14. UPS processed over twenty-four documents from my employment records including false customer concerns, erroneous suspensions and false allegations stating that I failed to follow procedures. In violation of my rights under IL Law 820 ILCS 40/0.01-13 and the CBA.

    A.  I never knew what Kruml was placing in my employment records.

    B.  The Union never filed a grievance pursuant to the labor contract on my behalf.

    C.  I received my employment records as late as July 8, 2005.

15. Pursuant to Article 54 nothing past nine months could have been used regarding my discharge on March 7, 2005.  Pursuant to Article 7 my discharge was grievable, but I received no grievance or viewing of my employment records from the defendants of Teamsters Local 705 for months and years prior to March 7, 2005.

16. Kruml was not managing the center before 2003 and I was not disciplined or written up for concerns prior to Kruml's management.  The employer processed twenty-four documents from my employment records including false customer complaints and false allegations stating that I failed to follow Kruml's procedures.  I never saw the documents which violates my rights under IL law 820 ILCS 40/4 and 40/6.

17. February 1, 2001, Mrs. Viler lodged a false complaint against me.  The complaint is false for the following reasons:

    A.  There was no damage and UPS has no proof of damage.

    B.  I was not employed on the route in which she said I was rude all the time.  I was off on a work related injury.

    C.  No one else in the entire community was requesting me to be removed from the route and Lu-Ann Hunter to be put on the route.

    D.  The manager has since requested Ms. Viler's complaint be removed from my file.

    E.  Ms. Viler's concern is over four years old and should be removed from my file for false information.

18.  When Kruml became manager in 2003 I was excluded from documentation.  I found several erroneous suspensions in my employment file that I never served nor knew they existed, including June 2004.  Kruml placed Documents of Conversation in my file that mention discipline without my knowledge, in violation of article 54 CBA.  He gave me his version of Ms.

Anderson's complaint and not the written version that was placed in my employment file.

19.  When Kruml was my manager from 2003 to 2005 I was not engaging in any willful misconduct nor I did fail to follow procedures that would warrant a disciplinary write up.  I was treated less favorably than others.  UPS has no proof that similar situated employees engaging in the same alleged failure to follow procedures have a Document of Conversation regarding disciplinary action.  UPS stated to IDHR that I had at least ten instances where I had failed to follow procedure.  Below are the instances I found in my personal file I received on July, 8, 2005.

A. On July 29, 2003, I was written up for attendance when I had taken off three days for my Grandmother's funeral.  UPS even sent flowers for the ceremony.  I did not exceed my personal days for that year or legal funeral leave.  Drivers Bell and Swallow were also absent but did not receive an attendance memo.

B. UPS has no proof that Rechia, Rumishek or Wilgus (all males) which were all cited for not scanning packages have disciplinary documents lodged against them.  I could not scan the package on June 26, 2003, because the label was torn.  I gave the torn label to the office manager Sue Jabrowski.  Another parcel was scanned - Sebastion signed for it around August, 6 2003.  Three parcels were not on my truck that is why I did not scan them around October 16, 2003.

C. On November 20, 2004, I was directed to suite 101 by the office managers and I made verbal contact with the receptionist.  Ms. Tobiaz who was in suite 108 gave written testimony in a letter of praise regarding this incident.

D. On January 6, 2004, Kruml was fully aware that I went to this pick-up.  I waved to the receptionist and Kruml stated in conversation regarding this concern "you took the candy, not the pick-up."  The male supervisor told me he had directed another driver to "swing by the pick-up."  I followed his directions.  He caused a customer complaint.  I was not issued a disciplinary notice at that time.

E. In June of 2004 I received one concern that a customer did not receive a

delivery notice. UPS has no proof I failed to leave a notice. From February 2001 through March 7, 2005, I had no other complaints from tenants for not leaving delivery notices. I delivered packages to five or six apartment complexes daily with multiple units.

F.   In June of 2004 Kruml stated I failed to check the call-ins. Interestingly enough I spoke to Sue Jabrowski about this package while on route. I asked her why the clerk had failed to reschedule the package. To my knowledge any package that is a third attempt delivery goes to the address clerk for reprocessing. Marcia Avilla told me she was harassed for not taking a third attempt COD package to the clerk. Friday was the third attempt on the package. I told the clerk if the customer calls their neighbor was not home and ask the customer if he or she wants to pick-up the package or reschedule delivery on Monday. The male clerk failed to check the call-ins. I was a clerk around 1988 for about one year, at that time I was voted employee of the month. I overheard the clerk tell Sue Jabrowski how cute she was, he was not going to get in trouble.

G.   In June I miss-delivered two parcels that were reasonable errors that other drivers had made. The six looked like an eight. A golf club for one customer was loaded with a group of golf clubs for the golf shop by the pre-loader. Both errors were corrected with no lost merchandise.

H.   Wetnight (male) miss-delivered a parcel for 620 Beaver to 720 Beaver. Vito, the customer had to reorder his parcel and gave written testimony regarding his miss-delivery error. Both of my miss-delivery concerns state post to employees record - "NO." The report from the IDHR states that males Paul Deleon and O'Dell Pendelton have several miss-deliveries. Robert Frederick had several miss-delivery complaints. I have in my possession a copy of a miss-delivery error that I corrected for male driver Darren Ross. On December 5, 2004, after speaking on the phone with Sue Jabrowski I informed her I would be happy to correct a miss-delivery error for a co-driver. The error occurred on December 4, 2004, this was charged to my record but it was not my error.

J.  On May, 14 2004, Kruml tried to suspend me for three days for a miss-delivery error that states post to employees record - "NO." The error was corrected within ten minutes. Notation must be made that Daryl Cessaradi's name was pre-typed on the Document of Conversation. The Union steward Pam Treadwell informed Kruml he had to reduce the suspension to a written warning. Following this meeting Kruml informed me that I had miss-delivered parcels on 1/13, 12/5 and 2/17 and I still had to serve a one day suspension. Kruml was manufacturing evidence. I had corrected my miss-delivery error on 1/13 four months prior. Both suites ordered the same product, had similar names, and similar suite numbers. I am only human and did not engage in any willful misconduct. You can't be tried twice for the same offence. 12/5/03 was not my error and on 2/17 there was no miss-delivery. I had four miss-delivery errors from February 2001-March 7 2005 with no claims of lost merchandise from those errors. Also, Kruml made an error on the Document of Conversation by stating that the package was miss-delivered on 1/13/03 instead of 1/13/04.

K.  Kruml was again trying to manufacture evidence of failure to follow procedures. All the males listed on the Air Exception Report delivered Air parcels later in the day after first attempting delivery before 10:30 a.m. The concern states post to employee's record - "NO." It also states I attended to the customer in five minutes.

L.  In June of 2004, I was never informed I was on notice of suspension. Lisa Hendrickson was present and never initialed Kruml's Documents of Conversation and never told me I was on notice of discipline.

M.  On January 6, 2005, I was the only employee written up for discipline for communicating after 3:30 p.m. UPS has no proof that any males listed on the ODS report were written up for discipline. Males: Hoffman, Martinez, Smallwood and several others communicated after 3:30 p.m. Numerous drivers under Kruml's direct management exceeded 1199 paid hours including

Lisa Hendrickson, Jay Haddock and Kevin McCurley. Jennifer Bell and Terry Burnell exceeded 1199 paid hours on the same route I was assigned. The minimum requirement to avoid discipline was not achievable by a reasonable person on that route. The part-timer promoted to my route quit. A supervisor worked the route and had to call for help. This is a grievable violation. The union boasts or representing male employee for supervisors performing union work. Jim Krahula the union steward present during Kruml's conversation 1/6/2005 informed me he never saw a disciplining write-up Document of Conversation. A customer also accused Jim Krahula of doing a rude gesture. Jim Krahula was never disciplined by Kruml for this. On 1/6/05 I filed a grievance for reduced over-time pursuant to Article 37 CBA. Chris Wilgus (a male steward) denied me a follow-up grievance for the employer's violations of excessive over-time. Males in the Addison center were awarded monetary settlements, the Union filed grievances for excessive over time for them.

20. A letter was sent to UPS dated January 5, 2005, Ms. Lang's address was missing. UPS has no proof Ms. Lang ordered a parcel on December 15th, 23rd and 29th. I can state I remember delivering a parcel to Ms. Lang's door, she signed for it. In December 2004 Ms. Lang exhibited psychotic behavior, she started screaming at me and stated that everyone in the building hated me. I phoned the Naperville police to report the incident. As stated in Ms. Lang's letter she accuses me of placing delivery notices under doormats, however, there are no door mats on the concrete entry way to the building. No one else in the community of three hundred apartments complained about me. Ms. Young, another tenant of the complex gave written testimony of praise. Since there is no evidence to support that Ms. Lang's letter is true, Ms. Lang's letter should be expunged. Manning (Mexican, male employee) were treated more favorably when a customer threatened to shoot him if he drove the UPS vehicle down his street. John Abbott (white male) was treated more favorably when a customer falsely accused him of walking on freshly poured concrete. Ms. Lang's concern was never brought up to me or investigated under the grievance procedure. Ms Lang's concern was placed in my file without my knowledge in violation of ILCS 820 40/4.

Finally, everything I am telling the court should have been grieved through the Union. I received no representation from the aforementioned Union agents, though I requested it. I was treated less favorably than the males that were discharged. UPS has no proof that Russell Ranallo was thirty-five years of age in December of 2002, or proof that he was swearing in front of customers as stated in the report given to the IDHR. Russell Ranallo received a monetary settlement when his grievance for discharge was delayed. His employment records were lost but reappeared in the investigation report at IDHR with false allegations of unprofessional behavior.

I feel that Kruml treated me with hostility, discriminatorily and dishonestly during his management term. I feel that Sue Jabrowski dishonestly reported customer concerns ad falsified documentation in my employment records. I feel that the Union members listed failed to oppose the discriminatory treatment I was receiving when it came within the scope of the CBA. I feel as though Kenny Emanulson did not process my grievance on my behalf and informed other Union members not to talk to me.

_Kathryn M. Lakeberg_ December 18, 2007

Kathryn M. Lakeberg

4909 Cross Street

Downers Grove, IL 60515

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kathryn M. Lakeberg<br>4909 Cross Street<br>Downers Grove, IL 60515 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

Certified Mail: 7099 3400 0014 4054 4208

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2005-02780 | Armernola P. Smith,<br>State & Local Coordinator | (312) 886-5973 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*John P. Rowe*                                   9/20/07

| John P. Rowe,<br>District Director | *(Date Mailed)* |
|---|---|

Enclosures(s)

cc:    UNITED PARCEL SERVICE



United States Government

## NATIONAL LABOR RELATIONS BOARD

Region 13

200 West Adams Street - Suite 800

Chicago, IL    60606-5208

(312) 353-7643

June 7, 2005

RE:  Local 705, IBT
13-CB-18084

Ms. Kathy Lakeberg
4909 Cross
Downers Grove, IL  60515

Dear Ms. Lakeberg:

The above captioned charge has been fully investigated.  From the investigation, the evidence does not show that the union failed to represent you by failing to timely process your grievance.  No evidence was presented to show that the union's failure to timely file a grievance was motivated by arbitrary, capricious or discriminatory reasons. The union's apparent negligence does not constitute a violation under the law.  The Region has therefore determined that your charge will be dismissed absent your voluntary withdrawal of same.

Enclosed for your convenience should you wish to withdraw the case is a Withdrawal Request form.  Please sign and date the form where indicated and mail the completed form back to our office to my attention.  Our office must receive the completed form by close of business June 10, 2005 or the charge will be dismissed.  If the charge is dismissed, the Union will receive a summary report stating the reasons for dismissal.  If you withdraw the charge, no report issues.

If you have any questions, do not hesitate to phone me.  Thank you for your prompt attention to this matter.

Very truly yours,

Jessica Willis Muth
Attorney

Enclosure

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 210-2005-03781 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| **Ms. Kathryn M. Lakeberg** | **(630) 960-9489** | **04-09-1958** |

| Street Address | City, State and ZIP Code |
|---|---|
| **4909 Cross Street Downers Grove, IL 60515** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **UNITED PARCEL SERVICE** | **500 or More** | **(630) 628-2116** |

| Street Address | City, State and ZIP Code |
|---|---|
| **150 Lombard Road, Addison, IL 60101** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE    ☐ COLOR    ☒ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN
☐ RETALIATION    ☐ AGE    ☐ DISABILITY    ☐ OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **05-30-2004** | **03-07-2005** |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was employed by Respondent since April, 1989. My most recent position was Package Car Driver. For the last couple of years, I have been subjected to different terms and conditions of employment than male employees, in that I was suspended on or about June 8, 2004, for misdeliveries while male drivers with multiple misdeliveries have not been suspended; a male driver who does a split-off with my route is allowed to pick the packages he will deliver; on February 22, 2005 I was questioned about punching out after an 8-hour day while two males who punched out before me after 8 hours were not questioned; and I was terminated on March 7, 2005 for customer complaints while several male drivers with numerous customer complaints against them remain employed.

I believe I have been discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Mar 25, 2005     *Kathryn M. Lakeberg*<br>Date       Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

**06W0804.07**

| AGENCY | |
|---|---|
| X | IDHR |
| X | EEOC |

**CHARGE NUMBER**

**2006CA0255**

### Illinois Department of Human Rights and EEOC

| | |
|---|---|
| NAME *(indicate Mr., Ms., Mrs.)* <br> KATHRYN M.   LAKEBERG | HOME TELEPHONE *(include area code)* <br> 630-960-9489 |

| STREET ADDRESS <br> 4909 CROSS | CITY, STATE AND ZIP CODE <br> DOWNERS GR, IL 60515 | DATE OF BIRTH <br> 04/09/58 |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(IF MORE THAN ONE, LIST BELOW)*

| NAME <br> UNITED PARCEL SERVICE | NUMBER OF EMPLOYEES, MEMBERS  15+ | TELEPHONE *(include area code)* <br> 630 628 2116 |
|---|---|---|

| STREET ADDRESS <br> 150 S LOMBARD | CITY, STATE AND ZIP CODE <br> ADDISON, IL 60101 | COUNTY <br> 031 |
|---|---|---|

| NAME | | TELEPHONE *(include area code)* |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON: <br> SEX           AGE | DATE OF DISCRIMINATION |
|---|---|

DATE OF DISCRIMINATION
EARLIEST (ADEA/EPA)      LATEST (ALL)
    /  /                  03/07/2005

☐ CONTINUING ACTION

**THE PARTICULARS ARE** *(if additional space is needed attach extra sheet(s))*

I.   A.   ISSUE/BASIS

DISCHARGE, ON OR ABOUT MARCH 7, 2005, BECAUSE OF MY SEX, FEMALE.

B.   PRIMA FACIE ALLEGATIONS

1.   My sex is female.

2.   I have satisfactorily performed my duties as a Package Car Driver, and have been employed with Respondent since April, 1988.

3.   On or about March 7, 2005, I was discharged by Larry Krummel (male), Respondent's Center Manager.   Krummel stated that I was being discharged because of a complaint which was lodged against me by a customer.   No documentation was received from Krummel, or any other member of Respondent's management

(Continued)

DEPT. OF HUMAN RIGHTS SWITCHBOARD
AUG 1 1 2005

| | |
|---|---|
| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO, BEFORE ME <br><br> _Krystal I Rog_   8/5/05 <br> NOTARY SIGNATURE   MONTH DATE YEAR |

"OFFICIAL SEAL"
Krystal I. Rogers
Notary Public, State of Illinois
My Commission Expires Nov. 15, 2006

x _Kathryn M. Lakeberg_   8/5/2005
SIGNATURE OF COMPLAINANT          DATE

I declare under penalty that the foregoing is true and correct. I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

EEOC FORM 5 (5/05)          FEP9ACF3

Complainant Name:    KATHRYN M. LAKEBERG
Charge Number:    2006CA0255
Page 2

which validated Respondent's reason for the discharge; nor did I engage in an act of willful misconduct which merited being discharged by the Respondent.

4.    I believe that there have been other, similarly situated, male package car drivers, such as Christian Wetnight and others, that have had a complaint lodged against them by a customer, but they were not discharged by the employer as I have been.

II.    A.    ISSUE/BASIS

DISCHARGE, ON OR ABOUT MARCH 7, 2005, BECAUSE OF MY AGE, 47.

B.    PRIMA FACIE ALLEGATIONS

1.    I am 47 years of age.

2.    I have satisfactorily performed my duties as a Package Car Driver, and have been employed with Respondent since April, 1988.

3.    On or about March 7, 2005, I was discharged by Larry Krummel (43), Respondent's Center Manager. Krummel stated that I was being discharged because of a complaint which was lodged against me by a customer. No documentation was received from Krummel, or any other member of Respondent's management which validated Respondent's reason for the discharge; nor did I engage in an act of willful misconduct which merited being discharged by the Respondent.

4.    I believe that there have been other, similarly situated, younger package car drivers, such as Christian Wetnight and others, that have had a complaint lodged against them by a customer, but they were not discharged by the employer as I have been.

ACF/JJT/RCG

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

|                                          |     |                              |
|------------------------------------------|-----|------------------------------|
| IN THE MATTER OF THE                     | )   |                              |
| REQUEST FOR REVIEW BY:                   | )   |                              |
|                                          | )   |                              |
| KATHRYN M. LAKEBERG                      | )   | CHARGE NO:  2006CA0255[1]    |
|                                          | )   | EEOC NO:  21BA52780          |
|                                          | )   |                              |

## ORDER

This matter coming before the Chief Legal Counsel upon Complainant's Request for Review ("Request") of the dismissal by the Department of Human Rights ("Department") of Charge No. 2006CA0255, Kathryn M. Lakeberg, Complainant, and United Parcel Service, Respondent; and the Chief Legal Counsel having reviewed de novo the Department's investigation file, including the Investigation Report ("Report"), and Complainant's Request and supporting materials; and the Chief Legal Counsel being fully advised of the premises;

NOW, THEREFORE, it is hereby ORDERED that the Department's dismissal of Complainant's charge is SUSTAINED on the following ground:

### LACK OF SUBSTANTIAL EVIDENCE

In support of which determination the Chief Legal Counsel states the following findings of fact and reasons:

1.      Complainant filed a charge of discrimination with the Department on August 5, 2005, alleging that Respondent discharged her because of her sex, female ("Count A"), and her age, 47 ("Count B"), in violation of Section 2-102(A) of the Illinois Human Rights Act. On August 25, 2006, the Department dismissed Complainant's charge for Lack of Substantial Evidence. On September 29, 2006, Complainant filed this timely Request.

2.      As to Counts A and B, Complainant, a former Package Delivery Driver, alleges that on March 7, 2005, Respondent discharged Complainant because of her sex and age. Complainant further alleges that similarly situated, Christian Wetnight ("Wetnight")(male, 30), engaged in similar conduct as Complainant and was not discharged.

3.      As to Counts A and B, Respondent's articulated non-discriminatory reason is that it discharged Complainant for receiving numerous customer complaints and a history of discipline.

4.      As to Counts A and B, the Department's investigation did not reveal that Respondent discharged Complainant because of her sex and age. The investigation revealed that Complainant had a history of discipline. The evidence shows that from February 2001, through March 2004, Complainant had been subjected to twelve customer complaints and ten instances where Complainant failed to follow Respondent's delivery procedures. On July 20, 2004, Respondent suspended Complainant for customer complaints (i.e., misdeliveries and wrong delivery times) and failure to follow delivery procedures (i.e., failure to leave service notices and failure to check call in sheets). On January 5, 2005, a customer, Dionne Lang ("Lang") (sex and age unknown), wrote a letter to Glen Schmidt (male, age unknown), Manager, complaining that Complainant did not deliver the packages to Lang's door and that Lang has reported this to Respondent on three separate occasions. On February 3, 2005, another customer, Bernadine Anderson ("Anderson") (sex and age unknown), wrote a letter to Respondent's management indicating that Complainant was "the most miserable person she's come to contact with" and complaining that Complainant told Anderson, "you ruined my lunch". Anderson further reported that this is the third time Complainant displayed a rude attitude and that she does not want Complainant to deliver to Anderson any longer. On February 4, 2005, Respondent sent Complainant a notice of termination and discharged her on March 7, 2005, for history of discipline and for numerous customer complaints about service.

5.    Further, as to Counts A and B, the evidence showed that Wetnight received three customer complaints about service: one in 2001, two in 2003, and one in November 2005, (i.e., that Wetnight was argumentative with a customer related to a scheduled pickup). The evidence shows that Wetnight had less customer complaints than Complainant. Additionally, the evidence revealed that on December 13, 2002, Respondent discharged Russell Ranallo (male, 35), Package Delivery Driver, for failure to follow directions and for unprofessional behavior in that he swore in front of customers. The Department's investigation did not reveal that Respondent treated similarly situated male or younger Package Delivery Drivers more favorably than Complainant. There is no nexus between Complainant's discharge and her sex or age. There is no substantial evidence that Respondent discharged Complainant because of her sex or age.

6.    In her Request, Complainant fails to provide any additional evidence, which would warrant a reversal of the Department's original determination. To her Request, Complainant attaches copies of the certain sections of Collective Bargaining Agreement with Respondent and Complainant's union; audit delivery sheets and statistics; some handwritten notes from Complainant; a business card from a Police Officer of Addison, Illinois; disciplinary forms/sheets, union grievance forms; a note from Glen R. Schmidt, Manager, several letters from Respondent's Attorney to Complainant; a letter from Complainant to Respondent's Human Resources Department, dated June 19, 2006; several customer complaints regarding Complainant, an email from Timothy Lippeth to Lawrence Kruml ("Kruml"); letter from Therese R. Young, dated July 18, 2005; a letter from Robert[2] undated several Customer Concern Reports documenting telephone calls to Respondent's Customer Service Department, several barcodes and shipment labels with notes on them; a letter from Kristina Puente, customer, dated April 18, 2005; several Air Exception Reports; several Documents of Conversation (i.e., written warnings) for Complainant; a letter from Tim Madura, customer, undated; letter from Tom McDough, union steward, to file, undated; Complainant's earning sheets; an Attendance Memo for Kruml; a Memo from Kruml to Tom Haefke, dated July 29, 2003; several of Complainant's notes and letters to her personnel file; a letter from Reggie Dominick to Reggie Dominick, dated January 14, 2003; several stop details; and several documents from Complainant's personnel file. None of these documents provide any new evidence warranting a reversal of the Department's original determination or proving that Respondent harbored any discriminatory animus towards Complainant because of her sex and age.

7.    Furthermore, in her Request, Complainant alleges that Respondent: 1) denied her union representation; 2) subjected her to retaliation and harassment; and 3) suspended her. The Chief Legal Counsel must strictly adhere to the charge of discrimination. Deen v. Lustig, 337 Ill.App.3d 294, 305-06, 785 N.E.2d 521, 531-32 (4th Dist. 2003). In her charge, Complainant did *not* allege that Respondent denied her union representation, subjected her to retaliation and harassment, or suspended her. Thus, the only dispositive issues of Complainant's charge is whether Complainant was discharged because of her sex and age. Therefore, the Chief Legal Counsel cannot consider claims that are not listed in Complainant's original charge. Lastly, the Department does not have jurisdiction over union representation disputes. Complainant's Request is not persuasive.

8.    In sum, Complainant failed to establish, and the Department failed to show, that Respondent discharged Complainant because of her sex ("Count A") and age ("Count B").

9.    This is a final Order. A final Order may be appealed to the Appellate Court by filing a petition for review, naming 1) the Chief Legal Counsel, 2) the Department, and 3) Respondent as appellees, with the Clerk of the Appellate Court within 35 days after the date of service of this Order. The Department deems "service" complete 5 days after mailing.

ENTERED THIS _____DAY OF _____, 2007.

_____
Chief Legal Counsel

investigation revealed that Complainant was placed on notice of termination (Exhibit F) effective February 4, 2005, and that the discharge (Exhibit G) was carried out on March 7, 2005.

7. The investigation revealed that driver Christian Wetnight's disciplinary file (group Exhibit H) included complaints related to package delivery, specifically one in 2001, two in 2003, and one complaint in November of 2005 identifying Wetnight as being argumentative with a customer related to a scheduled pickup time on one occasion when filling in for another driver.

8. The investigation revealed the following concerning Complainant's similarly situated coworkers (Group Exhibit I): Paul DeLeon (male, 42), package driver, had received complaints related to misdelivered parcels, but had no complaints related to his attitude/conduct toward customers; Odell Pendelton (male, 40), package driver, was warned about misdeliveries, about a customer concern related to his behavior during a delivery in February of 2004, and in November of 2005 reportedly rolled his eyes at a customer during a conversation about where to leave packages on the customer's property; and Robert Frederick (male, 42) package driver, had received a written warning in July of 2005 related to his blatant refusal to follow directions from management, was counseled about proper language and conduct in April of 2006, and had received several complaints related to misdelivered parcels. The investigation revealed that none of these employees had been discharged by Respondent.

9. The investigation revealed that Respondent had also discharged (Group Exhibit J) Anthony Bermes (male, 30), package driver, on March 21, 2005, for his failure to report an accident with his vehicle to management; Russell Ranallo (male, 35), package driver, on December 13, 2002, related to his failure to follow directions, including being unprofessional and swearing in front of customers; Greg Marquard (male, 33), package driver, on February 10, 2004, for failure to fulfill participation requirements related to his continued employment; (Fred Robertson (male, 35), package driver, on January 31, 2005, for failing to call in while receiving medical attention for a job related injury.

## Analysis

The Department's investigation did not reveal that Respondent discharged Complainant because of her sex or age. The investigation did not reveal that Respondent treated similarly situated male or younger drivers more favorably than Complainant. The investigation revealed that Complainant had been disciplined and warned about her continued unsatisfactory performance, which ultimately led to her discharge. The investigation did not reveal that Complainant's comparative was similarly situated to Complainant. The investigation revealed that male and younger drivers were also discharged by Respondent under similar circumstances.

On March 9, 2005 I accompanied
Kathy Lickiung to the Teamsters 705 union
hall at 1645 w. Jackson St. Chicago. The purpose
of our trip was to speak to Kenny
Emanualson about filing a grievance for
Kathy. Kenny Emanualson was in the
office and spoke with Kathy in front
of me about filing the grievance
and Kathy made mention a few times
of the time table involved with
filing the grievance. Kenny Emanualson
acknowledged and agreed to taking care
of the matter

John Abbott
John Abbott
630-665-6104

Kathy this is Darrell, I will call back later on try not to call my house because my wife is so paranoid. Yeah I talked to Kenny today and he said something that you were up in front of the labor what you had told me about before. AOL or something like that. But I need to talk to you and I will give you a call. I will try to call you when I get home around 10:00. I did talk to Kenny and he told me "don't sign anything that Kathy is trying to give you and this and that." I asked him about the insurance thing, I mean not the insurance thing the initials I wrote on the paper and he said "yeah you did that and that's how she got fired." And I questioned him on why didn't he do a grievance after that and he said "what was I going to grieve, who was going to sign the paper" And I go, what do you mean who was going to sign the paper? If you file a grievance and you put it in front of him and you tell him to sign that because you know after March 7th I said why didn't you file a grievance within 15 days? And he said yeah who was going to sign the grievance? And I said what?! What who was going to sign the grievance? I said what are you talking about? They would have signed the grievance if you would have filed a grievance. And then he tried to, and I was getting a little bit loud and then he left. Yeah he is blaming me why you are off of work, why you got terminated. It's all my fault. And so if there is anything that needs to be done um real quick before I loose my recording here, I need to be subpoenaed in legally. You know just do that, if you are going to do anything get a lawyer and have me subpoenaed in for a testimony and I'll do it. But I'm just saying this is ridiculous. He is blaming me for everything and I'm like he didn't do anything for you. He didn't do a darn thing. And apparently this union labor is saying that he filed for you Friday for the Union Labor, I forgot the name of it. The ULA or something. He said he filed Friday but to me it seems like there is no concern in his voice, you know what I mean like "oops there it goes she is done and over with." I hope I don't get you upset with this phone call. I will call you up uh tomorrow when I get off work and I'll have your number with me unless if you can call later on this afternoon, my wife will not be home. I'll call you up, try not to call the house. My wife gets really nervous when she starts hearing me talk like this she gets paranoid and uh. My job is on the line I feel like too. My job feels like it is on the line like if I make one cross I feel like then the Union is not going to protect me. It's like this is crazy I gotta do everything right at work, I just gotta keep my horseblinders on and just do my job and don't talk to anybody and be there on time and get off of work and just leave. But um I will talk to you tomorrow, definitely in the morning if I don't get in touch with you later this afternoon. Okay I'm sorry, I will talk to you later goodbye.


Good morning Kathy it's Jessica. In response to your question about the union's charge the investigation was completed and we determined that there wasn't enough evidence to show that the employer unilaterally made any changes to the disciplinary system. And or did not make unilateral changes in the grievance procedure when it adhered strictly to the contract about the time targets. We have determined to dismiss the charge.

**Kathy Lakeberg**

**4909 Cross st.**

**Downers Grove, Illinois**

**60515**

**630-960-9489**

July 16, 2005


Mr. Hoffa

Dear Sir:

My name is Kathy Lakeberg, and I have been a member of local 705, employed by United Parcel Service since 1988. In March of this year I was terminated by UPS for a series of concerns called in by customers. At the time of my termination I was a package car driver in the Naperville center at the Addison hub.

The reason that I am writing to you directly is that I have not been properly represented by my local union. I was terminated on March 7th of this year, On March 9th, I contacted my business agent Kenny Emmanuelson. I explained the situation regarding my termination to him, and asked him to file a grievance; he assured me he would take care of it. During the next few weeks phone calls were exchanged between us and I kept asking what the status of my grievance was, and I felt as though I was not getting straight answers. Finally during one phone call, Kenny informed me that UPS would not hear my case because the grievance was not filed within the prescribed time. Kenny told me that he would file an unfair labor practice. After that I went down to the union hall and questioned Kenny as to why the grievance was not filed in time and he asked me "when did you ever ask me to file a grievance". He acted as if he had no idea what was going on. I told him "March 9th". He responded "no,no,no". At this point I knew something was not right with my situation.

Since then I have had limited contact with my local, but they do not seem to want to do anything to help my situation and get my case heard. I don't know where to turn anymore for help. I just want to get my job back and move on.

I am hoping that there is somebody there in Washington that can respond to me and give me some direction. I am certain that my termination was not handled properly by UPS, and given the opportunity to have my case heard; I would have been awarded my job back. I have witnesses, and documentation that can support my case, the only thing that seems to be lacking is representation from my local union.

In my 15 years of Teamster membership I have never heard of a termination case where the local has failed to file a grievance on a brother's behalf. I just want the opportunity to have my case heard. I am hoping somebody here can step in on my behalf and get me the type of representation that I am entitled to as a member of the INTERNATIONAL BROTHERHOOD OF TEAMSTERS.

Sincerely,

*Kathyn M. Lakeberg*

Kathy Lakeberg
Member Local 705

# INTERNATIONAL
# BROTHERHOOD OF TEAMSTERS
### AFL-CIO

| JAMES P. HOFFA | C. THOMAS KEEGEL | KEN HALL |
|---|---|---|
| General President | General Secretary-Treasurer | Vice President |
| | | Eastern Region |
| | | Director |
| | | Parcel and Small Package |
| | | Trade Division |

July 25, 2005

Mr. Stephen E. Pocztowski, Secretary-Treasurer
Teamsters Local Union No. 705
1645 West Jackson Boulevard
Chicago, Illinois 60612

Dear Brother Pocztowski:

The enclosed letter to General President Hoffa from Local 705 member Kathy Lakeberg is being forwarded for your review and response.

Please provide me with a written report of the Local Union's position in this case, as well as the current status.

Your prompt attention to this request is appreciated.

Fraternally yours,

*Ken Hall (bs)*

Ken Hall, Director
Parcel and Small Package
Trade Division

KH:tr

Enclosure

cc:    Kathy Lakeberg

## Robert D. Banzuly, Attorney

Suite 1800 ~ 10 South Riverside Plaza ~ Chicago, Illinois  60606
Tel.  312-953-4268   Fax 312- 474-6099
faselus@aol.com

July   2006

*7/1/06*

*KATHY,*

*Please review &*

*call me —*

*RDt*

Ellen M. Girard
UPS Attorney
500 West Madison Street
Chicago, IL 60661

Teamsters Local 705
1645 W. Jackson
Chicago, IL  60612

## NOTICE OF GRIEVANCE OF KATHY LAKEBERG

Kathy Lakeberg has retained me to advise you as follows:

On June 3, 2006, as a result of receiving a written statement from Bernadine Anderson, a copy of which is enclosed, she first became aware that UPS apparently recklessly or intentionally submitted false testimony regarding this matter at the meeting between its management and Ms. Lakeberg's Union.  See the enclosed Document of Conversation which Ms. Lakeberg recently found in her personnel file.

Because said incident was the apparent cause of her termination Kathy Lakeberg hereby files her grievance and demands, that in accordance with her rights under the labor management agreement between Teamsters Local 705, that the grievance process with respect to her wrongful discharge be immediately commenced.

That if said process is not immediately commenced she will consider it to be an intentional act on the part of Local to harm her and will consider that UPS intentionally defamed her and will act accordingly.

Please direct your reply and/or questions to me.


Robert D. Banzuly


By Robert D. Banzuly
As Attorney for Kathy Lakeberg

June 3, 2006

In reference to my
Complaint (new # 369-0171
on 2/3/05 @ 14:46
1340 McDowell Rd.
# 201
Naperville, Ill. 60563
I did not state she was the
most meserable person that I
have come in contact with.
I am a sales associate.
She has apologized & I
had accepted. We were
both not in the right mood
and that happens to alot of

people at times

So my intention was not so crucial that she get fired - I would prefer she have her job since she was nice enough to come back & we talked it out & both apologized for having a bad day.

Thank You

Respectfully

Gracia Anderson

PS.

Also, I enjoy & trust
UPS for delivery & will
not charge me service.

*Barbara Anderson*

630-267-7739
cell phone

4117 Landing Dr.
Apt. 1C
Aurora, Ill. 60504
Cheapeake Landing



# *Teamsters Local Union 705*

chartered as

Truck Drivers, Oil Drivers. Filling Station and Platform Workers Local Union No. 705

AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS

1645 WEST JACKSON BLVD • CHICAGO, ILLINOIS 60612 • Phone: (312) 738-2800  101

**Executive Board**

STEPHEN E. POCZTOWSKI
*Secretary-Treasurer*

JOSEPH BAKES
*President*

GREGORY R. FOSTER
*Vice-President*

JUAN CAMPOS
*Recording Secretary*

JON CLARY
*Trustee*

SANTOS M. MARINEZ
*Trustee*

EDMUND J. URBANIAK
*Trustee*

**Elected Business Agents**
LORELEI ANDERSON
KENNETH J. EMANUELSON
WALTER KOBYLANSKI
JOE RODRIGUEZ

July 6, 2006

Kathryn Lakeberg
4909 Cross St.
Downers Grove, IL 60515

Re:    ‘UPS Termination

Dear Ms. Lakeberg:

I am writing in response to your June 19, 2006 correspondence to the Union. You were advised last year that the Union was unsuccessful in its attempts to have you reinstated and this case was closed at that time. There is nothing further the Union can do for you concerning this matter under the parties' collective bargaining agreement at this point.

We wish you the best of luck.

Sincerely,

Marilyn T. Brassil

cc:    Stephen Pocztowski
       Kenny Emanuelson

*EMPLOY UNION LABOR—INVEST IN THE BEST*

Form 734 M



# *Teamsters Local Union 705*

chartered as

Truck Drivers, Oil Drivers, Filling Station and Platform Workers Local Union No. 705

AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS

1645 WEST JACKSON BLVD  •  CHICAGO, ILLINOIS 60612  •  Phone: (312) 738-2800   ®

**Executive Board**

STEPHEN E. POCZTOWSKI
*Secretary-Treasurer*

JOSEPH BAKES
*President*

GREGORY R. FOSTER
*Vice-President*

JUAN CAMPOS
*Recording Secretary*

JON CLARY
*Trustee*

SANTOS M. MARINEZ
*Trustee*

EDMUND J. URBANIAK
*Trustee*

*Elected Business Agents*
LORELEI ANDERSON
KENNETH J. EMANUELSON
WALTER KOBYLANSKI
JOE RODRIGUEZ

August 3, 2006

Robert Banzuly
Attorney
10 South Riverside Plaza, Suite 1800
Chicago, IL 60606

Re:    Kathy Lakeberg

Dear Mr. Banzuly:

I am writing in response to your August 1, 2006 correspondence. As the Union has already advised Ms. Lakeberg, we were unsuccessful in our attempts to have her reinstated last year and there is nothing further that we can do for her at this time.

We wish Ms. Lakeberg the best of luck in her future endeavors.

Sincerely,

Marilyn Brassil

cc:    Stephen Pocztowski
       Joe Bakes
       Kenny Emanuelson

*EMPLOY UNION LABOR—INVEST IN THE BEST*      Form 731 M

 **Quarles & Brady** LLP

Citicorp Center
500 West Madison Street
Suite 3700
Chicago, Illinois 60661
Tel 312.715.5000
Fax 312.715.5155
www.quarles.com

*Attorneys at Law in:*
*Phoenix and Tucson, Arizona*
*Naples and Boca Raton, Florida*
*Chicago, Illinois*
*Milwaukee and Madison, Wisconsin*

Ellen M. Girard     312/715-5051
E-Mail          egirard@quarles.com

April 28, 2005

**VIA U.S. MAIL**

Ms. Kathy Lakeberg
4909 Cross Street
Downers Grove, IL 60515

   Re: Request for Personnel Records

Dear Ms. Lakeberg:

  This letter is in response to your recent request to UPS to obtain copies of your personnel records. Given the fact that you have an EEOC charge pending against UPS, your request for personnel records is being denied pursuant to 820 ILCS 40/10(f).

  If you have any questions, please feel free to contact me.

     Very truly yours,

     *Ellen M. Girard*

     Ellen M. Girard

WWW.

QBCHI\920018.00527\403952.1

June 23, 2005


Marilyn Rithcie
UPS Human Resources
150 S. Lombard Road
Addison, Illinois 60101



Dear Mrs. Rithcie:

Pursuant to the personal Records Review Acts, 820ILCS40-0.01, et seq., I respectfully request an opportunity to review my personal records with in seven working days of the request. I also respectfully request a copy of my personal records as soon as maybe possible. Please advise me of any fees that may be involved.

Sincerely,



Kathryn M. Lakeberg

KML/lel



*Quarles & Brady* LLP

Citicorp Center
500 West Madison Street
Suite 3700
Chicago, Illinois 60661
Tel 312.715.5000
Fax 312.715.5155
www.quarles.com

*Attorneys at Law in:*
*Phoenix and Tucson, Arizona*
*Naples and Boca Raton, Florida*
*Chicago, Illinois*
*Milwaukee and Madison, Wisconsin*

Ellen M. Girard        312/715-5051
E-Mail                 egirard@quarles.com

July 8, 2005

**VIA U.S. MAIL**

Ms. Kathy Lakeberg
4909 Cross Street
Downers Grove, IL 60515

   Re: Request for Personnel Records

Dear Ms. Lakeberg:

  Pursuant to your request to Marilyn Ritchie, enclosed is a copy of your personnel file that is stamped UPS 0001-UPS 0363.

      Very truly yours,

      Ellen M. Girard

Enclosures

Kathryn M. Lakeberg
4909 Cross Street
Downers Grove, IL 60515
630.960.9489, cell: 630.969.7242

Office of Human Resources
United Parcel Service
150 South Lombard
Addison, IL 60101

To Whom It May Concern,

    Enclosed are twenty-four documents that I found in my personnel record file.

    I disagree with the information contained for the reasons given in my written statements, which I have attached to said documents.

    Pursuant to Illinois Law 820ILCS 40/6, I hereby request that said documents be expunged from my records.

    If this is not granted, I hereby demand that my written position statements be enclosed in my personnel file and be processed and administered in accordance with the Illinois law.

    If you have any questions please call the phone numbers listed on the top of the letter.


    Thank you,


*Kathryn M. Lakeberg*   JUNE 19, 2006
Kathryn M. Lakeberg

Concern 007MNBHYX

Customer voiced concern to me that the female office person taking her concern "gossiped" to her that I was a problem, and embellished the complaint.

In looking at the rebuttal from the customer, the office person changed the customers words and filed a false complaint.  See attached letter from Bernadine Anderson.

# DOCUMENT OF CONVERSATION

On February 4, 2005 I spoke with Kathy Lakeburg with union steward Daryl Cessaretti present. On February 3, 2005 we received a concern regarding Kathy's unprofessional conduct with a customer. The customer claims Kathy has a rotten attitude. The customer claims Kathy accused her of being responsible for ruining her lunch. Kathy has been warned in the past about failing to conduct herself in a professional manner would result in further disciplinary action up to and including termination. Kathy will be put on notice of termination.

Management Signature: _____

Employee Signture: _____

Steward Initials: _____

Document of conversation.mydocuments.word

KATY hAS NoT beeN WARNed
IN the PAST -9 MoNths oF
UNProAesIoNcl coNduct

## CLOSED CUSTOMER CONCERN
### RRDD 0246
### CENTER: 6014  NAPERVILLE

**Original Concern:**
Date/Time:        02/03/2005  14:33
CSC Location:   CCSC08/013
Confirmation #:  007MNBHYX

**Caller Information:**                          **Incident / Location:**
ACCT #
(630)369-6998                                    SAME
BERNADINE ANDERSON -- non-preferred

RM# 201 1340 MCDOWELL RD
NAPERVILLE, IL 60563

**Description:**        (C1) Center Concerns - Hourly Personnel
INCIDENT DATE/TIME: 02/03/05 14:31 - GAL DRVR ON THIS RTE IS THE MOST MISERABLE PERSON SHE'S COME IN CONTACT
WITH-ALWAYS COMPLAINING & BICKERING SEEMS UNHAPPY WITH HER JOB TOLD BERNADINE SHE RUINED HER LUNCH
TODAY-THIS IS THE 3RD TIME SHE'S DELVD W/THIS ROTTEN ATTITUDE-DOESNT WANT HER BACK

**Action Taken By CSC:**

---

### FIRST REQUEST RESPONSE
Pending?: _
Customer Notification:        x Telephone      _ Visit              _ No Contact Required

Contact:        Date 02/03/2005    Prior Contact Attempts:      Date            Date
                Time  14:46                                      Time            Time

**What action was taken to satisfy the Customer?:**
TALKED TO MRS. ANDERSON @ 14:46 SHE SAID THAT K. LAKEBURG IS THE RUDEST PERSON SHE EVER MEET
SHE SAID THAT IF SHE HAS TO CONTINUE DEL TO HER SHE WILL CANCEL WITH UPS CUST WANTS A UPDATE ON
WHATS GONE TO HAPPEN

UPS Employee Involved:        LAKEBURG,K                  Completed By:   D. BRANCH
Post to Employee's Record: Y

---

UPS 0052

June 3, 2006

In reference to my
Complaint (new # 369-0171)
on 2/3/05 @ 14:46
1340 McDowell RD.
#201
Nagerville, Ill. 60563
I did not state she was the
most meserable person that I
have come in contact with.
I am a sales associate.
She has apologized & I
had accepted. We were
both not in the right mood
and that happens to alot o

people at times

So my intention was not so crucial that she get fired - I would prefer she have her job since she was nice enough to come back & we talked it out & both apologized for having a bad day.

Thank you

Respectfully

Tomasia Anderson

PS.

Also, I enjoy & trust
UPS for delivery & will
not charge me service.

_Barbara Anderson_

630-267-7739
cell phone

4117 Landing Dr.
Apt. 1C
Aurora, Ill. 60504
Cheapeake Landing

January 6, 2005 - Document of conversation.

My actions were no different than those of other employees and I was
singled out, as records show.

Please Note: stewart Kraholk WAS UNAWARE
of ANY Disciplinary Action

F   1ᴸ         9      63   7   18
S
AV  1        1    5    17   5   4              1     1

HENDRICKSON L                325661666    FT PD E ASSIGNED                        6014/1

| | | | --------WORKED HOURS--------- | | | | | | | | | | | | | --------------DELIVERY--------------- | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | TOTAL HOURS | AM HRS | S&L HRS | DBL TRP | ON ROAD | CHK IN | LCL SRT | TOTL DRIV | TOTL PLAN | +OVR -UND | CLRK | WASH | HSKG | ··OTHER··· HRS· CD CD | | TOT SPORH | TOGR MIL | PRE PKGS· | RECD | NET MSD· PKGS· | 1DA PKGS | 2DA PKGS | 1DA MSCM | TOTL STOP | OVR 70 |
| S | | | | | | | | | | | | | | | | | | | | | | | | |
| M | 937 | 34 | | 902 | 1 | | 937 | 792 | 145 | | | | 14.0 | | 67 | 258 | | 258 | 30 | 20 | | 94 | |
| T | 949 | 17 | | 932 | | | 949 | 792 | 157 | | | | 13.5 | | 69 | 256 | | 256 | 23 | 16 | | 95 | 1 |
| W | 1171 | 35 | | 1134 | 2 | | 1171 | 948 | 223 | | | | 13.0 | | 76 | 324 | | 324 | 42 | 16 | | 116 | |
| TO | 1011 | 47 | | 960 | 4 | | 1011 | 803 | 208 | | | | 13.3 | | 69 | 269 | | 269 | 30 | 20 | | 98 | 2 |
| F | 1042 | 34 | | 1005 | 3 | | 1042 | 799 | 243 | | | | 14.4 | | 57 | 280 | | 280 | 28 | 12 | | 112 | |
| S | | | | | | | | | | | | | | | | | | | | | | | |
| AV | 1022 | 33 | | 987 | 2 | | 1022 | 827 | 195 | | | | 13.6 | | 68 | 277 | | 277 | 31 | 17 | | 103 | 1 |

| | | | | -------------PICKUP---------------- | | | | | | | DOUBLE TRIP UNLD LOAD | -SPECIAL COUNTS- | | (MEMO ONLY-TRAILER DEL & PICKUP) -DELIVERY- | | ··PICKUP·· | | WORK |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | NET COD | NET CAL | ·SEND COD/CALL | AGAINS- PAID | TOTL- PKGS- | TOT STP | RCR PKG | HI-VAL PKG | MSS STP | ·BEF STPS | 2:30· PKGS | PKGS | PKGS | 1 | 2 | PKGS | STPS | PKGS | STPS | HRS· |
| S | | | | | | | | | | | | | | | | | | | | |
| M | 1 | 1 | 2 | 4 | 156 | 32 | | | | 6 | 43 | | | | | | | | | |
| T | | 1 | | 2 | 185 | 31 | | | | 6 | 42 | | | | | | | | | |
| W | | | 1 | 17 | 335 | 31 | | | | 5 | 54 | | | | | | | | | |
| T | 2 | 1 | 2 | 18 | 187 | 30 | | | | 2 | | | | | | | | | | |
| F | 2 | 1 | | 5 | 213 | 33 | | | | 9 | 12 | | | | | | | | | |
| S | | | | | | | | | | | | | | | | | | | | |
| AV | 1 | 1 | 1 | 9 | 215 | 31 | | | | 6 | 30 | | | | | | | | | |

LAKEBURG   K                327542236    FT PD   ASSIGNED                        6014/1



Hendrickson
Over-allowed
was she told to fill
out ~~Remember~~ ?
ROSIMARS

UPS 0

W/E 11/15/03
910.442   11/14/03   03:03
SUPERVISORY GROUP 2

PACKAGE CENTER WEEKLY OPERATION REPORT
STATISTICS

DISTRICT    NORTH ILLINO DIST#0246
CENTER NAME NAPERVILLE   SLIC 6014
PAGE 13

| | | | | | WORKED HOURS | | | | | | OTHER | | | | | | DELIVERY | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | TOTAL HOURS | AM HRS | S&L HRS | DBL TRP | ON ROAD | CHK IN | LCL SRT | TOTL DRIV | TOTL PLAN | +OVR -UND | CLRK | WASH | HSKG | HRS- | CD | CD SPORH | TOT MIL | TOGR PKGS- | PRE RECD | NET MSD- | NET PKGS- | 1DA PKGS | 2DA PKGS | 1DA MSCM | TOTL STOP | OVR 70 |
| S | | | | | | | | | | | | | | | | | | | | | | | | | |
| MO | 942 | 17 | | | 925 | | 942 | 895 | 47 | | | | | | | 15.7 | 68 | 288 | | 288 | 25 | 17 | | 113 | 1 |
| TO | 1101 | 29 | | | 1070 | 2 | 1101 | 875 | 226 | | | | | | | 14.4 | 71 | 256 | | 256 | 24 | 13 | | 121 | 17 |
| WO | 986 | 12 | | | 972 | 2 | 986 | 876 | 110 | | | | | | | 15.1 | 67 | 296 | | 296 | 26 | 25 | | 117 | |
| TO | 1007 | 27 | | | 974 | 6 | 1007 | 966 | 41 | | | | | | | 16.4 | 65 | 339 | | 339 | 29 | 17 | | 128 | |
| AV | 1009 | 21 | | | 985 | 3 | 1009 | 903 | 106 | | | | | | | 15.4 | 68 | 295 | | 295 | 26 | 18 | | 120 | 5 |

(handwritten: 10 hour days)

| | | | | | PICKUP | | | | | | DOUBLE TRIP UNLD LOAD | | SPECIAL COUNTS | | (MEMO ONLY-TRAILER DEL & PICKUP) | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | NET COD | NET CAL | SEND COD/CALL | AGAINS- PAID | TOTL- PKGS | TOT STP | RCR PKG | HI-VAL PKG | MSS STP | -BEF 2:30- STPS PKGS | PKGS | PKGS | 1 | 2 | -DELIVERY- PKGS STPS | | -PICKUP- PKGS STPS | | WORK HRS- |
| S | | | | | | | | | | | | | | | | | | | |
| M | 3 | 2 | | 4 | 301 | 32 | | | 1 | 4 | 2 | | | | | | | | |
| T | | | | 7 | 174 | 33 | 1 | | | 4 | 3 | | | | | | | | |
| W | 2 | | 1 | 2 | 228 | 30 | | | | 4 | 44 | | | | | | | | |
| T | 2 | | | 7 | 384 | 32 | | | | 5 | 40 | | | | | | | | |
| AV | 2 | 1 | | 5 | 272 | 32 | | | | 4 | 22 | | | | | | | | |

LAKEBURG   K          327542236   FT PD   ASSIGNED                    6014/1

| | | | | | WORKED HOURS | | | | | | OTHER | | | | | | DELIVERY | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | TOTAL HOURS | AM HRS | S&L HRS | DBL TRP | ON ROAD | CHK IN | LCL SRT | TOTL DRIV | TOTL PLAN | +OVR -UND | CLRK | WASH | HSKG | HRS- | CD | CD SPORH | TOT MIL | TOGR PKGS- | PRE RECD | NET MSD- | NET PKGS- | 1DA PKGS | 2DA PKGS | 1DA MSCM | TOTL STOP | OVR 70 |
| S | | | | | | | | | | | | | | | | | | | | | | | | | |
| M | | | | | | | | | | | | | | | | | | | | | | | | | |
| T | 800 | 17 | | | 758 | 25 | | 800 | 908 | 108- | | | | | | 14.8 | 76 | 580 | | 580 | 12 | 22 | | 111 | |
| W | 800 | 17 | | | 758 | 25 | | 800 | 820 | 20- | | | | | | 12.5 | 71 | 556 | | 556 | 15 | 16 | | 93 | |
| T | 869 | 17 | | | 824 | 28 | | 869 | 948 | 79- | | | | | | 13.2 | 91 | 530 | | 530 | 8 | 14 | | 106 | |
| AV | 823 | 17 | | | 780 | 26 | | 823 | 892 | 69- | | | | | | 13.5 | 79 | 555 | | 555 | 12 | 17 | | 103 | |

| | | | | | PICKUP | | | | DOUBLE TRIP | SPECIAL COUNTS | (MEMO ONLY-TRAILER DEL & PICKUP) | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | NET | NET | SEND AGAINS- | TOTL- | TOT | RCR | HI-VAL | MSS | -BEF 2:30- | UNLD LOAD | | -DELIVERY- | -PICKUP- | WORK |

UPS 0

# DOCUMENT OF CONVERSATION

On January 6, 2005 I spoke with Kathy Lakeburg with union steward Jim Krahula present. On January 5, 2005 Kathy's over allowed hours were 3.32. She arrived back to the Addison facility at approximately 9:00pm. At that time Kathy went into the break room and took her lunch. She punched out at 9:55pm. Her total hours paid was 12.76.

I instructed Kathy she is not to exceed 11.99 paid hours in a day. She is to communicate to the center prior to 3:30pm if she will be out later than 6:38pm. In addition she was instructed to take her lunch between the third and sixth hour. I asked her to also clearly communicate to the center when she is asked a question via ODS. Failure to follow these instructions in the future may result in further disciplinary action up to and including termination.

Management Signature: _____

Employee Signture: _____ R TS _____

Steward Initials: _____

Document of conversation.mydocuments.word

*Discrimination - Did Males Get write-ups*
*Did clearly communicate*
*Did not violate DOT regulations*
*Could not take Lunch - to Acomplish UPS goals*

*Stewart : Krahola Aqnoliged not seeing the document of Discipline*

UPS 0057





UPS 0061



UPS 0064



UPS 0060



UPS 0063



UPS 0062

1/6/2005

I Kathy Lakeberg    Am requested
9.5 hours days duries JAN Feb
And March of 2005.

1/6/2005

Im requesting AN 8 hour DAy
ON Friday 1/7/2005

HRS/OT/
Wages

K. Lakeberg
Lakeberg

Dan Belden

UPS 0124

## Kruml Lawrence (mel1lgk)

**From:** Lippeth Timothy (DBB3TXL)
**Sent:** Wednesday, January 05, 2005 11:29 PM
**To:** Kruml Lawrence (mel1lgk)
**Subject:** LATE AIR DRIVER- LATE OHARE DRIVER -LAKEBURG LATE LUNCH OVER 12

ANNA PAWAKOSKI GOT TO THE BUILDING AT 9:30 WITH ABOUT 25 EXPRESS PACKAGES
GREG JOHNSON GOT TO OHARE 15MIN LATE ABOUT 10:00. SUE HAD ANNA GIVE GREG ALL HER REDS AND
SHE(SUE) HAD GREG GIVE ANNA ALL HIS 2DAY AND GROUND INTERNATIONAL. GREG MISUNDERSTOOD AND
GAVE ANNA EXPRESS INTERNATIONAL WITH ALL THE 2 DAY AND GROUND. ANNA GOT IN AT 9:30 PETE MIKE
AND MYSELF HAD HER UNLOADED BY 9:35. ALL THE EXPRESS MADE THE SHUTTLE

LAKEBURG GOT IN LATE AT 8:55/9:00 AND TOOK HER LUNCH IN THE BREAK ROOM PUNCH OUT AT 21:55 OVER
12
ODS MESSAGE IN YOUR DAILY RECAP

UPS 0058

Ms. Lang's letter. January 5,2005

This letter has false accusations. I have never stuck a delivery notice under a mat. I have no other complaints from tenants at this complex. Feb.2001-Dec.2004. I have a compliment letter. On one occasion, Ms Lang wal ked up to the UPS vehicle in the apartment complex parking lot. She asked if there was a delivery for her. In fact,there was not that day. Ms Lang would never have to chase the truck down the block. This leasing office has always accepted packages for tenants. During Christmas peak I did bring a package to her door . Ms Lang signed for it. On February 21,2005 I rang Ms Lang's doorbell 6 times. All supervisors Lisa, Thersa,Gary, and Glenn Schmidt failed to tell me of this letter.I found this letter in my employment file. I was not informed of this letter by a union stewart or superviser. If UPS takes complaints seriously, Why was I not informed.I was able to view this after July 8,2005. The date I received my file.  This letter contains false defamatory information and needs to be expunged.

Please
Note: Customers have phoned it false complaints.
letter of praise for good Service

Glen Schmidt
Manager
UPS
150 South Lombard
Addison, IL 60101

January 5, 2005

Dear Glen:

I am writing you because of the unfortunate incidents that I have been experiencing with
my delivery driver Kathy. I have had three incidents in the past month that I need to
address to you. They have been on the following dates:
December 15, 2004-Called Spoke with Lisa
December 23, 2004-Called Spoke with Lisa, Theresa, & Gary
December 29, 2004-Called Spoke with Lisa, Theresa, & Gary

In each incident the delivery driver had not brought my packages to my door. What
Kathy does is write notices of deliveries and places them on the door. She doesn't bring
the packages like she should to the door and ring the door bell. Instead she right's up
delivery ticket's and then she places them under the door mat (as if anyone looks there
for them) or puts them on the door, takes all of the packages to the leasing office instead.
When someone ships a package per UPS they are paying for a service. They are paying to
have that delivered to their door. Kathy doesn't do her job. She takes all of the packages
to the leasing office where I live and dumps her duties off on the manager and the leasing
office. I live in a community of 300 apartments. Everyone over here complains about the
UPS driver. I my self have spent more than 3 hours on the phone with UPS to complain
about Kathy. I work from home; I am here every day to accept my packages. I see her put
notices on the door and scurry away; I have to chase her down the block to get my
package from her. This lady needs to be supervised and she needs to be refreshed about
what her job is all about. I have asked all my vendors not to use UPS and I will continue
to do so. Instead I have asked my Vendor's to use the US Postal Service and also FED
EX whenever possible. If Kathy doesn't like her job, and if she doesn't want to do her
job, she needs to find another one, because I certainly do not need to be spending my
time writing and calling to complain about her!!!
Please note that the office manager at the complex where I live has also called in
complains in regards to this driver and her bad habits.
Thanking you in advance for your time, and hoping that your driver will get some help!

Sincerely:

Dionne Lang

UPS 0053

*Therese R. Young*

*1636 Brookdale Road Apt 23*

*Naperville, IL 60563*

*July 18, 2005*

Dear Sir or Madam:

I am a tenant that resides in the Brookdale Village apartment complex, which is located in Naperville, IL. I have lived here since 2002 and have since received numerous packages delivered by the UPS Company. This is why it pained me to learn that my previous driver, Kathy Lakeburg, had been fired. I did take notice that earlier this year I started having my packages delivered by an equally wonderful young lady and it did puzzle me as to what happened to my previous driver as I tend to form customer service bonds with the service men and women who work with and for me. Ms. Lakeburg has always been a very courteous and good driver. She has always greeted me with a smile and a genuine friendliness that I do not always receive from people in the customer service industry. If I was not able to meet her at the entrance of our apartment complex, she was always very happy to deliver my packages all the way upstairs to my apartment door which is very convenient for me seeing that I have four small children. On days that were very unpleasant due to extreme cold or just bad weather in general, Ms. Lakeburg would again, greet me with a smile, the same smile that she gave me on the days that were pleasant. Around Christmas time, when there is such a high level of delivery activity taking place due to the season, Ms. Lakeburg was still very courteous even though she had been working the busy schedule that is associated with the madness that characterizes the Christmas season. I believe that the firing of Ms. Lakeburg is a very large loss for the UPS Company and that the management has made a great mistake in letting her go. While Ms. Lakeburg's replacements are very comparable in service to her and are equally pleasant, it would do my heart good to know that Ms. Lakeburg was placed back on my UPS route. She was a great delivery person and I believe that her being fired was a great injustice that should be further investigated. I have not had any problems with her and I can't imagine, based upon the rapport that she had built with me over the years that she could have intentionally caused any problems that would warrant her relief from the job she so greatly loves.

Sincerely,

*Therese R. Young*
*A Concerned Patron*

I WAS Brought to MY ATTENTION that
NAME WAS USED IN A COMPLAINT OU
UPS DRIVER sometime AGO since I
over the shipping DEPARTMENT — Approx
6 AGO IT WAS NOT ME IT is possible
A FORMER employee USED MY NAME
YOU HAVE ANY questions, please call
at 630 388 1695

Robert Bruce Entursto

( Signed )

I gave the Legible copy to Kruml ↑

I previously gave steward McDonough
A letter from Zuke computer Appoligizing
that A false complaint WAS Made against me
to Manager: Zimmermon Around 2001
Not Found in employment File

Concern 005LYR836, 7/19/04

The customer at the address was not home and left a note to leave delivery at the neighbor's, who also was not home.

The package was a third attempt and was returned as company policy requires. The clerk on duty was notified and delivery was rescheduled for the next deliverable day. I spoke personally to the clerk and notified him that the customer needed the package, and that it would be redelivered the next day, because neither the customer nor his neighbor were home.

When I spoke to the supervisor, ~~Sue~~, I told her about the package. She assumed that it was belted. It was not, the clerk failed to put it out for delivery, not being my fault.

Page 1 of 1

CLOSED CUSTOMER CONCERN
RRDD 0246
CENTER: 6014 NAPERVILLE
*************************** URGENT ***********************

**Original Concern:**

Date/Time:      07/19/2004 19:30
CSC Location:   CCSC01/745
Confirmation #: 005LYR83G

**Caller Information:**                    **Incident / Location:**

ACCT #
(630)717-8215                              SAME
SUE DORAN -- non-preferred                                    *July*
                                                             *7/20/04*
1608 WHITLEY RD
NAPERVILLE, IL 60563

**Description:**          (H1) 2nd Request - Delivery Change Request
INCIDENT DATE/TIME: 07/18/04 19:29 - TKR#1Z1836920371306306. CUST CALLED ABOUT PKG THAT WAS ALT ADDRS ON 7/16
BEFORE 7PM. THE PKG SHOULD HAVE BEEN DLVRD TO ALT ADDRS 7/19. CUST IS UPSET AND WANTS TO KNOW WHY PKG
WAS NOT DLVRD TODAY. PLEASE CALL TO DISCUSS AND TO RESOLVE.

**Action Taken By CSC:**

---

FIRST REQUEST RESPONSE

Pending?: _

Customer Notification:      x Telephone      _ Visit          _ No Contact Required

Contact:      Date 07/19/2004    Prior Contact Attempts:      Date          Date
              Time 19:50                                      Time          Time

What action was taken to satisfy the Customer?:
CALLED CUST. SHE SAID NO NOTICES WERE GIVEN AND THAT LAKEBURG GAVE A FINAL NOTICE ON FRIDAY.
THERE WAS A NOTE TO DELIVER TO THE NEXT DOOR NEIGHBORS HOUSE, BUT NEVER WAS. PKG COULD NOT
BE FOUND FROM FRIDAY'S, DUE TO THE PKG BEING BELTED. TOLD CUST SHE WOULD GET HER PKG
DELIVERED TOMORROW.

UPS Employee Involved:      LAKEBURG,K

Post to Employee's Record: Y                          Completed By:   philippe gardner

---

Concern 001KWWVPV, 7/19/04

Preloader placed a golf club, meant for Pebblewood, with the clubs to be delivered to Golf Discount.   Package delivered the same day correctly.

pleAse Note: My Actions were No Different
From other employees ~~ASO~~ As the
attached Document shows I corrected
A misdelivery FoR Ross

CLOSED CUSTOMER CONCERN
RRDD 0246
CENTER: 6014  NAPERVILLE
************************ URGENT ************************

Original Concern:
Date/Time:      07/19/2004 10:08
CSC Location:   CCSC02/752
Confirmation #: 001KWWVPV

Caller Information:                              Incident / Location:

ACCT # 00005Y78Y1
(630)355-5353                                         SAME
CHRISTOPHER BENSON ~ non-preferred
GOLF DISCOUNT
1636 N AURORA RD
NAPERVILLE, IL 60563

Description:        (D2) Delivery - Mis-Delivery
INCIDENT DATE/TIME: 07/19/04 10:04 - 1Z4377450346763752, 07/14/04 10:34 MIKE SCHOBER RECEPTION . PKG MIS DEL TO:
1636 N AURORA RD NAPERVILLE IL 60563. ADD ON PKG IS: 1520 PEBBLEWOOD LANE #128 NAPERVILLE IL 60563. WANTS
PKG PU AND DEL TO CORR ADD. .....JV

Action Taken By CSC:

---

FIRST REQUEST RESPONSE
Pending?: _
Customer Notification:          x Telephone      _ Visit           _ No Contact Required

Contact:        Date 07/19/2004   Prior Contact Attempts:       Date            Date
                Time 10:15                                       Time            Time

What action was taken to satisfy the Customer?:
CALLED CUSTOMER APOLOGIZED FOR ANY INCOINVENCE LET HIM KNOW KATHY WILL BE BY TO PU AND
~~DELIVER IT TO THE CORRECT ADDRESS ~~

UPS Employee Involved:          LAKEBURG,K                    Completed By:   N. SCALZO
Post to Employee's Record: N

UPS 0072

| Searched Inquiry Number: | Tracking Number: | Service Level: |
|---|---|---|
| 1Z2044060305948638 | 1Z2044060305948638 | GROUND |

**Associated Tracking Numbers:**

Search  Select an Associated Tracking Number and click on Search to execute the search

| Delivery Address: | Type:<br>DELIVERED | | Date:<br>06/28/04 | Time:<br>13:27 |
|---|---|---|---|---|
| 2711 SHERIDAN CT<br>NAPERVILLE IL 50563<br>UNITED STATES | Received By: | Location:<br>FRONT DOOR | Late Air Reason: | |

Delivery Status:
PACKAGE WAS DRIVER RELEASED

| Shipper Name:<br>SAS INSTITUTE- PO#10584 | Shipper Number:<br>204406 | Stop Type:<br>RESIDENTIAL |
|---|---|---|
| Package ID: | Package Weight:<br>0.00 | Saturday Delivery Charge:<br>NO |

Remarks:

Original Receiver:                    Reason:

Return Address:

**Monetary**
No monetary information available
**DIAD Detail**

| Name:<br>ROSS | Driver ID:<br>47454 | Vehicle Number:<br>132774 |
|---|---|---|
| Data Source:<br>DCS | DIAD ID:<br>0V1/UGJ | |
| Defined Area:<br>1701 | SLIC/Location:<br>6014 / ADDISON-NAPERVILLE IL US | |
| Upload Date/Time:<br>06/28/04    17:58 | Stored Date/Time:<br>06/28/04    18:06 | |
| Stop Number:<br>77 | Total Delivery Stop Count:<br>97 | Packages at Stop:<br>1 |

Copyright © 2000-2004 UPS, Inc. All Rights Reserved.

COPY OF Misdelivery (make Ross)
Package belonged to McClenan
I redelivered it for Ross to 2711 McClenan

Concern 005LY8HT1, 7/16/04

When attempted delivery, the store was closed.  When contacted that they were in and open for business, I delivered the parcel within 5 minutes.

Customer has, in the past, apologized for not opening the store on time.

PLEASE NOTE: MY ACTIONS WERE NO DIFFERENT than those of other employees AND I WASE singled out AS the Air Report Shows

CLOSED CUSTOMER CONCERN
RRDD 0246
CENTER: 6014 NAPERVILLE
********************* URGENT *********************

**Original Concern:**

Date/Time:        07/16/2004 11:05
CSC Location:  CCSC09/298
Confirmation #:  005LY8HT1

| Caller Information: | Incident / Location: |
|---|---|
| ACCT # | (630)416-7011 |
| (630)416-7011 | STEVE PETRY |
| STEVE PETRY – non-preferred | SUIT BANK |
| SUIT BANK | 1550 N ROUTE 59 |
| RM# SB 1550 N ROUTE 59 | NAPERVILLE, IL 60563 |
| NAPERVILLE, IL 60563 | |

**Description:**        (D4) Delivery - Delivery Time
INCIDENT DATE/TIME: 07/16/04 09:47 - 1Z23023X0141272714. ETT SHOWS 07/16/04 09:47 CLOSED 1 . CNEE SAID THAT THERE BUSINESS HOURS ARE POSTED ON THE DOOR. THIS PKG IS NEEDED URGENTLY . CNEE REQING REDELIVERY TODAY 7/16/04. PLS CALL TO CONFIRM DELIVERY WILL BE MADE. THANK YOU

**Action Taken By CSC:**

---

**FIRST REQUEST RESPONSE**

Pending?: _

Customer Notification:        x Telephone        _ Visit        _ No Contact Required

Contact:        Date  07/16/2004        Prior Contact Attempts:        Date        Date
                     Time  11:35                                                              Time        Time

**What action was taken to satisfy the Customer?:**
CALLED THE CUSTOMER AND LET THEM KNOW THAT THE DRIVER WILL BE BACK TO DEL. IN 5MIN

UPS Employee Involved:        LAKEBURG,K                          Completed By:    M. KASPER
Post to Employee's Record: N

SLIC: 6014
REGION: 02
DISTRICT: 46

**AIR EXCEPTION REPORT**

DELIVERY DATE: 12/03/03

Print Date: 12/03/0?
Print Time: ?
Page:

*Late Au* (handwritten)

| SUB DRIVER<br>LATE REASON | ADDRESS | SRV LABEL | DEL TIME | CMT TIME | DISPOSITION |
|---|---|---|---|---|---|

1   JENSEN   2635 NEWTON AVE    1DA   1Z13E5060101212890   15:17   10:30   DR FRONT DOOR
    Other    NAPERVILLE 60564

Driver Summary: JENSEN           Left Building  08:45

| Commit Times : | 08:00 | 10:30 | 12:00 | 15:00 | | Total | Commit Time Totals Stops | Pkgs |
|---|---|---|---|---|---|---|---|---|
| Missed Pkgs : | 0 | 1 | 0 | 0 | | 1 | 1 | 1 |

   KRAHULA    Rm:104    1DA   1ZA8329V0142353737
            869 BENEDETTI DR
            NAPERVILLE 60563

            869 BENEDETTI DR    1DA   1ZA8329V0142353737
            NAPERVILLE 60563

Driver Summary: KRAHULA           Left Building  08:30

| Commit Times : | 08:00 | 10:30 | 12:00 | 15:00 | | Total | Commit Time Totals Stops | Pkgs |
|---|---|---|---|---|---|---|---|---|
| Missed Pkgs : | 0 | 0 | 0 | 0 | | 0 | 14 | 14 |

   MARTINEZ    833 N WASHINGTON ST    1DA   1Z1E59780141239864   09:11   10:30   Not Ready 1
            NAPERVILLE 60563       1DA   1Z1E59780141239864   14:45   10:30   NORM
                              1DA   1ZRF83822473127284   09:11   10:30   Not Ready 1
                              1DA   1ZRF83822473127284   14:45   10:30   NORM

Driver Summary: MARTINEZ          Left Building  08:30

| Commit Times : | 08:00 | 10:30 | 12:00 | 15:00 | | Total | Commit Time Totals Stops | Pkgs |
|---|---|---|---|---|---|---|---|---|
| Missed Pkgs : | 0 | 0 | 0 | 0 | | 0 | 21 | 31 |

   MCDONALD    Rm:293 Fl:2    1DA   1Z5X097X0101166310   15:35   10:30   MARCIANO
     Other      40 SHUMAN BLVD
            NAPERVILLE 60563

Driver Summary: MCDONALD          Left Building  08:30

| Commit Times : | 08:00 | 10:30 | 12:00 | 15:00 | | Total | Commit Time Totals Stops | Pkgs |
|---|---|---|---|---|---|---|---|---|
| Missed Pkgs : | 0 | 1 | 0 | 0 | | 1 | 25 | 46 |

   OWENS    Rm:1    1DA   1Z40A2R00176536352   10:31   10:30   MENON
     Req Late    1284 RICKERT DR
            NAPERVILLE 60540

            3008 SEILER DR    1DS   1Z1836921311435162   15:07   15:00   ELIZONDO
     Req Late    NAPERVILLE 60565

Driver Summary: OWENS           Left Building  08:50

| Commit Times : | 08:00 | 10:30 | 12:00 | 15:00 | | Total | Commit Time Totals Stops | Pkgs |
|---|---|---|---|---|---|---|---|---|
| Missed Pkgs : | 0 | 0 | 0 | 0 | | 0 | 6 | 14 |

   PENDLETON    905 POTOMAC AVE    1DA   1Z6777140120079996   14:22   10:30   DR FRONT DOOR
     Other      NAPERVILLE 60565

Driver Summary: PENDLETON          Left Building  08:30

| Commit Times : | 08:00 | 10:30 | 12:00 | 15:00 | | Total | Commit Time Totals Stops | Pkgs |
|---|---|---|---|---|---|---|---|---|
| Missed Pkgs : | 0 | 1 | 0 | 0 | | 1 | 8 | 10 |

```
SLIC:       6914                         AIR EXCEPTION REPORT                    Print Date: 12/03/03
REGION:     02                                                                   Print Time: 21:12
DISTRICT:   46                        DELIVERY DATE: 12/03/03                     Page:   2 of  5
```

```
SUP DRIVER                                                        DEL   CMT
    LATE REASON   ADDRESS                      SRV  LABEL         TIME  TIME  DISPOSITION
```

```
1  RECCHIA       1450 E CHICAGO AVE           1DA  1Z9167280162723372   10:32 10:30 Closed 1
   Other         NAPERVILLE 60540

   Driver Summary: RECCHIA              Left Building  08:45          |    Commit Time Totals
   Commit Times :    08:00    10:30    12:00    15:00        Total   |    Stops       Pkgs
   Missed Pkgs  :     0         1        0        0            1      |     7           7


   ROSS          Rm:104                       1DA  12673470015185938Z
                 618 S RTE 59                 1DA  12673470015185938Z
                 NAPERVILLE 60540

   Driver Summary: ROSS                 Left Building  08:35          |    Commit Time Totals
   Commit Times :    08:00    10:30    12:00    15:00        Total   |    Stops       Pkgs
   Missed Pkgs  :     0         0        0        0            0      |     20          26


   WALKER        10740 ROYAL PORTHCAWL DR     1DA  1Z1189932441879965            30 NOT In 1
                 NAPERVILLE 60564             1DA  1Z1189932441879965

   Driver Summary: WALKER               Left Building  08:40          |    Commit Time Totals
   Commit Times :    08:00    10:30    12:00    15:00        Total   |    Stops       Pkgs
   Missed Pkgs  :     0         0        0        0            0      |     7           7


Supervisor Group 1 Summary:                                          |    Commit Time Totals
   Commit Times :    08:00    10:30    12:00    15:00        Total   |    Stops       Pkgs
   Missed Pkgs  :     0         4        0        0            4      |     269         453


2  BELL          2800 WINDSOR DR              1DA  1Z0781ES2210502220   16:49 10:30 Moved
   Other         LISLE 60532

   Driver Summary: BELL                 Left Building  08:28          |    Commit Time Totals
   Commit Times :    08:00    10:30    12:00    15:00        Total   |    Stops       Pkgs
   Missed Pkgs  :     0         1        0        0            1      |     13          15


   BJORSETH      SEARS ON LINE                1DA  J1531305417          10:54 10:30 KNOLL
   Req Late      1835 FERRY RD
                 NAPERVILLE 60563

   Driver Summary: BJORSETH             Left Building  08:44          |    Commit Time Totals
   Commit Times :    08:00    10:30    12:00    15:00        Total   |    Stops       Pkgs
   Missed Pkgs  :     0         0        0        0            0      |     2           5


   DERUDDER      2134 LILIAN CT               1DA  1Z74W6A92440299560   11:25 10:30 DR FRONTDOOR
   Req Late      LISLE 60532

                 MA                           1DA  1ZWA85580112402180   09:56 10:30 Not In 1
                 4100 S RTE 53                1DA  1ZWA85580112402180   12:22 10:30 VP
                 LISLE 60532

                 JOBSITE                      1DA  1ZA91W310140768129   09:56 10:30 Not In 1
                 4100 S RTE 53
                 LISLE 60532
```

CAME BACK

UPS 0128

Concern: 005LKT1VR 07/16/2004

Four to eight people use the same entry way to the apartment complex. It is
reasonable to believe someone could have taken the delivery notice. From
February 2001-July 2004 the route consisted of 5 or more apartment complexes.
This is the first complaint Ive gotten. I received no proof the delivery notice
Was not scanned.

PLEASE NOTE: THIS IS the first COMPLAINT
FROM A CUSTOMER FOR A DELIVERY NOTICE
FROM Feb 2001 - March 2005

## CLOSED CUSTOMER CONCERN
### RRDD 0246
### CENTER: 6014  NAPERVILLE

**Original Concern:**
Date/Time:      07/16/2004  14:35
CSC Location:   CCSC08/013
Confirmation #: 005LKT1VR

**Caller Information:**                    Incident / Location:
ACCT #
(630)400-5261                              SAME
JILL ADAMEK -- non-preferred

RM# 203 1551 RAYMOMD DR
NAPERVILLE, IL 60563

**Description:**      (D3) Delivery - SERVICE NOTICE
INCIDENT DATE/TIME: 07/16/04 14:34 - DOESNT HAVE TRKING # AVAIL BUT NEEDS DRVR TO LEAVE A NOTE IF PKGS ARE
GOING TO BE TAKEN TO THE COMPLEX OFFICE, SHE SAID THE OFFICE IS CONCERNED TOO-

**Action Taken By CSC:**

---

### FIRST REQUEST RESPONSE
**Pending?:** _
**Customer Notification:**        x Telephone      _ Visit          _ No Contact Required

Contact:       Date 07/16/2004    Prior Contact Attempts:    Date       Date
               Time  03:35                                   Time       Time

**What action was taken to satisfy the Customer?:**
I TALKED TO JILL — I TOLD HER THAT THE DRIVER WILL LEAVE A NOTE IF THE PKGS WILL BE LEFT AT THE
COMPLEX OFFICE, THE DRIVER WILL BE TALKED TO BE A SUPERVISOR ABOUT LEAVING NOTES FOR
CUSTOMERS.

**UPS Employee Involved:**     LAKEBURG,K              **Completed By:**   MONIKA MILEWSKA
**Post to Employee's Record:** Y

*Provide proof of*
*UNserviced note*

**UPS 0069**

## Chantecleer Lakes

April 18, 2005

To whom it may concern,

I have been the Property Manager of Chantecleer Lakes for the past five years during which time Cathy has been the UPS driver. She has been nothing by courteous and professional when dealing with my staff & myself. Recently her & I had a conversation regarding some residents that had filed complaints against her. It was interesting to hear from her that these same residents are residents I have on going issues with & are high maintenance residents.

In this business I have come to realize that you can not please everyone no matter how hard you try. It would be a shame for someone to loose their job over people who carry a black cloud around with them.

Sincerely,

Kristina Puente
Property Manager

1550 Raymond Drive
Naperville, IL 60563
630-357-1632

Concern 005LXT7J7, 7/15/04

The address label was hand-written, not typed, and the eight looked like a six. That only made sense since there is no 848 Beaver. The addresses end in the 700's.

The package was retrieved and redelivered with the correct address.

PlEASE NoTe: My ActioNs were No DiffereNt thaN otHeR employees As the AttAtched LetteR shows

CLOSED CUSTOMER CONCERN
RRDD 0246
CENTER: 6014  NAPERVILLE
*********************** URGENT ***********************

Original Concern:

Date/Time:        07/15/2004  14:39
CSC Location:   CCSC09/845
Confirmation #:  005LXT7J7

Caller Information:                              Incident / Location:

ACCT #
(630)778-6127                                    SAME
DAVID MILLER – non-preferred

648 BEAVER CT
NAPERVILLE, IL 60563

Description:        (D2) Delivery - Mis-Delivery
INCIDENT DATE/TIME: 07/15/04 14:39 - 1ZE3659E0344273533—MISDEL TODAY 7/15/04 TO 648 BEAVER CT NAPERVILLE IL 60563
AND THECORR ADD IS 648 BAVER RD NAPERVILLE IL 60563

Action Taken By CSC:

---

FIRST REQUEST RESPONSE

Pending?: _

Customer Notification:        x  Telephone      _  Visit          _  No Contact Required

Contact:       Date  07/15/2004     Prior Contact Attempts:    Date          Date
               Time  04:10                                     Time          Time

What action was taken to satisfy the Customer?:
DRIVER WILL GO BACK TO 648 BEAVER CT AND P/U PKG—I TRIED CALLING DAVID, BUT NO-1 ANSWERED----
DRIVER SHOULD DEL PKGS KEEPING A BETTER EYE OUT ON ADDRESS'S—DRIVER WILL BE TALKED TO

UPS Employee Involved:        LAKEBURG,K              Completed By:   MONIKA MILEWSKA
Post to Employee's Record: N

To Whoever it May Concern,

I live in La Grange Park. Last year the UPS driver left packages at my door. They were not mine. My House is 803 and the packages were for 603. It was dark and 6, 8 & 0 look a lot alike, so an easy mistake. I called the people they were for and they came and got them.

_this happened twice_

No Big Deal. I could have called UPS and had them come and pick them up. Would that driver had been in trouble? I hope not. People make mistakes. I see the truck go by here just about every day in Rain, sleet, snow, ice, cold, heat and any thing else that comes along. Some times its well into the evening when I see him. This has to be a high stress job.

Mrs Lekeleny
803 N Stone
La Grange Park Il

Concern 3/5/04   005L9RFLB

Bottom portion of the concern reads :Driver always asks the employees to
Bring packages in for her."

See  letter:Roadmasters

*pleAse Note: CoNceRN wAs completed by Scott*

# ROADMASTER TIRE AND SERVICE GROUP

Corporate Office: 275 East Ogden Avenue • Naperville, Illinois 60563 • Tel. 630-355-3210 • Fax 630-355-3230

To Whom It May Concern,

Kathy was our UPS Driver since I took over Management of Roadmaster Goodyear 2 years ago. Kathy has always been very friendly and efficient! I've offered to help with heavier packages - but was told that's her job! She is a definit asset to UPS

Sincerely,
Tim Madura
Roadmaster Goodyr.

OPEN CUSTOMER CONCERN
RRDD: 0246
NAPERVILLE  6014

********************* URGENT *********************

Original Concern:
  Date/Time:        03/05/04  12:50
  CSC Location:     CCSC04/518
  Confirmation #:   005L9RFBL

Caller Information:                          Incident Location:
  ACCT # 0000E62440
  (630)268-2800                                SAME
  MARY EVERTS
  ENTERNET
  RM# 470 2400 ODGEN AVE
  LISLE, IL 60532

Description: (P1) Pickup - Scheduled Daily Pickup
  Incident Date/Time: 03/04/04 16:15 - DAILY P/U CUST E62440 DID NOT RECEIVE DAILY P/U
  WANTS TO TALK TO SOMEONE ABOUT SITUATION PLEASE GIVE A CALL BACK//MA

Action Taken by the CSC:
  Air Qty:1;Ground Qty:;Cust Wait Time:06:00 PM;Customer Close Time:05:30 PM

                                                                        0

-----------------------------------------------------------------------------------

Pending?: ___                    FIRST REQUEST RESPONSE

Customer Notification:     _x_ Telephone    ___ Visit    ___ No Contact Required

Contact:   Date 03/05/04     Prior Contact Attempts:   Date          Date
           Time  13:30                                 Time          Time

What action was taken to Satisfy the Customer?:
  CALLED CUST,APOLOGIZED FOR INCONVENIENCE. DIAD QUERY SHOWS P/U WAS TOO EARLY. PKG MISSED
  WAS NDA--PER SUP, UPGRADE TO SAT. ALSO STATES  DRIVER NEVER SIGNS PRINTOUT& DRIVER
  ALWAYS ASKS THE EMPLOYEES TO BRING IN PKGS FOR HER. TOLD HER I WOULD NOTIFY SUP.

                          ? NO

UPS Employee Involved: LAKEBURG,K              Completed By: SCOTTI
Post to Employee's Record?: Y

-----------------------------------------------------------------------------------

_Lesa Hendrickson present._

_Spoke w/ Kathy._

_Picked up pkg early (11:15). Did not go back for regular
3:30 pm. Assumed they had nothing going out. Kathy
understands NO P/U's will be made prior to 230
unless authorized and/or indicated on DIAD._

UPS 0081

**Stop Detail**

## Account Information

ENTERNET DIV OF INTERIM S          E62440

Run 470

2400 OGDEN AVE

LISLE 60532

## Stop Information

Stop Time: 11:15

Svc Provider: LAKEBERG KATHY

Dispatch: 099BLS

Stop Number: 37

## Detailed Stop Information

Scheduled Pickup
Scheduled Time: 1530
Phone Num: 630-268-2800
Closing Time: 1700
Pickup Point: FRONT
Area: 3601

## Package Information

Total Pkgs: 1

| Type / | Tracking Number | Status |
|--------|-----------------|--------|
| GND | 1ZE62440034771951 | Picked Up |

\* — Multiple 1Z Labels
A — Address Correction in DIAD
@ — Adult Sig Required — Non-Barcoded
s — Signature Required — Non-Barcoded

Package Detail    Service Provider    Print    Help    Cancel

UPS 0082

Concern; 001JXMPHM   05/12/04  DOC; 5/14/ 04

A  concern that states POST TO EMPLOYEES RECORD- NO
Was written up  for disciplinary action.  A 3 day suspension-reduced to a written.
The correction was made in 10 minutes time.  Kruml stated I inconvienced 2 customers.
"The customer at Lanley had to wait for their delivery."  There was no commit time on
the ground package. The resident at Langley address may or may not have been home.
The
Package was driver-released to the front door.

PlEAse NoTe; MY AcTioNS WeRE No diFFeReNt
tHAN other emptoyees I WAS singled out.
See AtHAtched LeHer from customeR AfteR
I followed up oN his misdelivery by A
CO-woRKeR.

I live at 620 Beaver, Naperville. I called the UPS office. They said my package was delivered to the wrong address. I told UPS to tell that guy to go get my package and bring it to the right house. The company mailed another box, approximately months afterwards. A person brought a box over to me that was left at his house. I refused this box and gave it to Kathy since the company had sent a new box to me.

Vito DeNatale

Vito DeNatale

630 548 2553

# DOCUMENT OF CONVERSATION

On  05/14/04, I spoke with Kathy Lakeburg regarding improper driver release and mis-delivered packages.

~~Daryl Cesseretti~~, union steward was present.  We discussed proper driver release methods.  One package

*PAM TREADWELL* (handwritten)

was misdelivered to 1622 Colfax Court, Naperville, Il 60563. The package should have been delivered to

1023 Langley Naperville, Il 60563.  She has been re-certified on proper driver release methods.  Due to her

inability to follow methods, Kathy will be suspended for three days.  She understands if the procedures and

methods are not followed further discipline will occur.


Management Signature: _____

Employee Signature: _____

Steward Initials: _____

Document of conversation.mydocuments.word

Pictures filed in driver followup file.  Warning letter and write up in employee file.

*KRUM* (handwritten)

*Kruml chooses*
*Daryl as my rep* (handwritten)

*REDUCED TO WRITTEN WARNING. Understands that future failure to adhere to methods will result in disciplinary action.* (handwritten)

CLOSED CUSTOMER CONCERN
RRDD 0246
CENTER: 6014 NAPERVILLE
*********************** URGENT ***********************

**Original Concern:**
Date/Time:      05/12/2004  12:53
CSC Location:   CCSC07/CWA
Confirmation #: 001JXMPHM

**Caller Information:**                    Incident / Location:
ACCT #
                                               SAME
-- non-preferred

**Description:**      (D2) Delivery / Mis-Delivery
INCIDENT DATE/TIME: 05/12/04 12:51 - 1Z0834170370280758. THIS PKG WAS DEL TO 1622 COLFAX COURT NAPERVILLE IL 60563. IT WAS ADR TO NADINE ROSKENS 1023 LANGLEY CIR . NAPERVILLE IL 60563 . CUST STATES PKG IS RIPPED AND SHE WANTS IT PU FROM HER PORCH TODAY. NO GUAR.

**Action Taken By CSC:**

---

**FIRST REQUEST RESPONSE**

Pending?: _
Customer Notification:        x Telephone    _ Visit         _ No Contact Required

Contact:    Date  05/12/2004   Prior Contact Attempts:    Date          Date
            Time  13:07                                    Time          Time

**What action was taken to satisfy the Customer?:**
SENT A MSG. TO THE DRIVER TO P/U AND REDEL. AND SHE ANSWERED BACK THAT SHE ALREADY TOOK CARE OF THE PROBLEM

UPS Employee Involved:       LAKEBURG,K                Completed By:    M. KASPER
Post to Employee's Record: N

*POST to employees RECORDS NO*
*phonecall AT 13:57*
*TIME 13:07 — incident is*
*alreadly resolved*

UPS 0076

Package Data - Tracking Number - Search Criteria

Tracking Number:      1Z0834170370280758
Service Level:        GROUND
Search Results:

Package Is Part of a Shipment.

| Type | Shipper # | Address/Location | Date | Time | Status | |
|---|---|---|---|---|---|---|
| DEL | 083417 | 1023 LANGLEY CIR NAPERVILLE IL 60563 US | 05/12/04 | 13:05 | DR RELEASED | FRONT DOOR |
| SCAN | | 6039 /ADDISON,IL US | 05/12/04 | 06:36 | OUT FOR DEL | |
| SCAN | | 6039 /ADDISON,IL US | 05/12/04 | 01:35 | ARRIVAL SCAN | |
| SCAN | | 6069 /JEFFERSON ST,IL US | 05/12/04 | 00:42 | DEPARTURE | |
| SCAN | | 6069D/JEFFERSON ST,IL US | 05/11/04 | 12:50 | LOCATION | |
| SCAN | | 6069 /JEFFERSON ST,IL US | 05/11/04 | 10:20 | ARRIVAL SCAN | |
| SCAN | | 0709 /MEADOWLANDS,NJ US | 05/08/04 | 04:08 | DEPARTURE | |
| SCAN | | 0709 /MEADOWLANDS,NJ US | 05/07/04 | 22:41 | ARRIVAL SCAN | |
| SCAN | | 0899 /EDISON,NJ US | 05/07/04 | 21:52 | DEPARTURE | |
| SCAN | | 0899T/EDISON,NJ US | 05/07/04 | 19:52 | ORIGIN SCAN | |
| MANIF | 083417 | / US | 05/07/04 | 18:50 | BILLING INFO | |

Copyright © 2000-2004 UPS, Inc. All Rights Reserved.

AND At 13:05
The pAckAge is Delivered
to Front DOOR At 1023
LANGLEY

X ExAggerAtion by Krum!
with intent to inflict
emotional diress.

**UPS 0078**

**UPS**

| EARNINGS STATEMENT | EMPLOYEE NAME | | | | WORK LOCATION | | CHECK NO. |
|---|---|---|---|---|---|---|---|
| | KATHRYN M LAKEBERG | | | | 0246    PKG 6014 | | 0000427408 |
| EMPLOYEE I.D. | PERIOD END | TAX I.D. | FEDERAL STATUS | STATE WORK | STATE RES STATUS | | CHECK DATE |
| 0102160 | 06/12/2004 | XXX-XX-2236 | S 03 | | | | 06/18/2004 |
| | | TOTAL EARNINGS | TOTAL TAXES | TOTAL DEDUCTIONS | | | NET AMOUNT |
| | | 1,103.50 | 258.43 | 70.43 | | | 774.64 |

| DESCRIPTION | RATE | EARNINGS | HOURS | GROSS PAY | TAXES | | DESCRIPTION | CURRENT | YEAR-TO-DATE | DEDUCTIONS | DESCRIPTION | CURRENT | YEAR-TO-DATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| REGULAR | CURRENT PAY RATE 32.024.58 | | 786.72 | | TAXES | | FICA | 68.42 | 2,093.78 | 401K DED | | 55.18 | 1,548.52 |
| OVERTIME | 32.99 | | 294.65 | | | | FED MEDICARE | 16.00 | 2,477.98 | UNIONDUE | | 15.25 | 70.53 |
| BONUS | 0.60 | | 22.13 | | | | FEDER TAX | 130.31 | 4,752.86 | TOTALS | | 70.43 | 1,550.75 |
| CURR TOTALS | 36.87 | | 1,103.50 | | | | ST TAX- IL | 258.43 | 4,909.49 | | | | |
| Y-T-D TOTALS | 1,237.22 | | 32,964.21 | | | | TOTALS | 258.43 | | | | | |

| VAC | OPD | OPW |
|---|---|---|
| 200.00- H | 16.00 H | 50.00 H |

*(handwritten notes:)* served suspension week of June
Only Driven to serve suspension for Misdelin

Document of Conversation; 1/13/03-1/13/04
Concern; 001KZ24F60

Kruml placed a disciplinary notice in my file.  I corrected the misdelivery.
Both companies ordered similar boxes from Office Max, they had similar
Names and suite  numbers.
The delivery was corrected.
As humans we are capable of error.  Note; kruml's document has an error- the
wrong date.  1/13/03. The error took place on 1/13/04.

PLEASE Note: Kruml's error on "DOC"
Concern completed by Scott

This is a handwritten/stamped annotation

 *WITHOUT DATE 2004*

# DOCUMENT OF CONVERSATION

On  01/13/03, I spoke with  Kathy Lakeburg regarding improper driver release and mis-delivered

packages.  Lisa Hendrickson, union steward was present.  We discussed proper driver release methods.

One package was misdelivered to 3033 Ogden Ave,  Ste 200 Lisle, Il 60532. The package should have been

delivered to Ste 302.  We reviewed and re-certified her on proper driver release methods. She understands

if the procedures and methods are not followed further discipline will occur.

*THiS WAS NOT A Driver release Stop*

Management Signature: _____

Employee Signature: _____R T S_____

Steward Initials: _____

Document of conversation.mydocuments.word

Pictures filed in driver followup file.  Warning letter and write up in employee file.

CLOSED CUSTOMER CONCERN
RRDD: 0246
NAPERVILLE  6014

********************* URGENT *********************

Original Concern:
   Date/Time:     01/13/04  12:07
   CSC Location:    D0247/5TH
   Confirmation #:  001KZ4F60

Caller Information:                    Incident Location:
  ACCT # 00002775W5
  (800)613-4624 Ext. 3372           (800)613-4624 Ext. 3372
  PHIL FREESENE X2315            PHIL FREESENE X2315
  OFFICE DEPOT 1105             POSESTIVE APPRAISAL
  505 E KEHOE BLVD              RM# 200 3033 OGDEN AVE
  CAROL STREAM, IL 60188 1850      LISLE, IL 60532

Description: (D2) Delivery - Mis-Delivery
  Incident Date/Time: 01/08/04 12:06 - 1Z2775W50320813824 MIS DEL TO WRONG STE- WAS SEL TO
  200- ODS DRIVER TO GO BK P/U & RE DEL TO STE 302-NEEDS ASAP

Action Taken by the CSC:

                                                D

---

Pending?: ____              FIRST REQUEST RESPONSE

Customer Notification:     x  Telephone   ____  Visit    ____  No Contact Required

Contact:   Date  01/13/04    Prior Contact Attempts:  Date           Date
         Time  13:05                      Time           Time

What action was taken to Satisfy the Customer?:
  VMAIL MSG.  APOLOGIZED FOR INCONVENIENCE. WILL HAVE DRIVER GO BACK AND RETRIEVE PKG &
  DEL TO CORRECT STE#.

UPS Employee Involved:  LAKEBURG,K         Completed By: SCOTTI
Post to Employee's Record?: Y

---

Package Data – Tracking Number – Search Criteria

Tracking Number:       1Z2775W50320813824
Service Level:         GROUND
Scheduled Delivery Date: 01/09/04

**Search Results:**

| Package is Part of a Shipment. |
|---|

**Customer Information**

| Shipper: | 2775W5 | Ship To: | | Shipment | |
|---|---|---|---|---|---|
| OFFICE DEPOT | | POSESTIVO APPRAILSAL | | Service Level: | GROUND |
| 515 E KEHOE | | 3033 OGDEN AVE STE 302 | | Total Packages: | 2 |
| CAROL STREAM IL 60188 | | LISLE IL 60532 | | Pickup Date: | 01/08/04 |
| UNITED STATES | | UNITED STATES | | Billing Type: | PREPAID |

Copyright © 2000-2003 UPS, Inc. All Rights Reserved.

200 proffessinal consultants

(1 Box. )

Transposed the P's in the the Companys Names

Shipper Numbers ARE the same for both suites both shippers ordered From office Depot

The LADYS At 200 didn't catch this till later either

PACKAGE WAS retrieved And Brought to correct suite

other Drivers make this mistake

UPS 0086

Package Data – Tracking Number – Search Criteria
Tracking Number:        1Z2775W50320813824
Service Level:          GROUND
Scheduled Delivery Date: 01/09/04
**Search Results:**

| | Type | Tracking # | Address/Location | Date | Time | Status | |
|---|---|---|---|---|---|---|---|
| ☑ | DEL | 1Z2775W50320813495 | 3033 OGDEN AVE FL 3 STE 3 | 01/08/04 | 11:25 | L MCSWEENEY | RECEPTION |
| ☑ | DEL | 1Z2775W50320813824 | 3033 OGDEN AVE STE 200 LI | 01/08/04 | 11:23 | RENICK | RECEPTION |

Copyright © 2000-2003 UPS, Inc. All Rights Reserved.

UPS 0085

Concern: 001L01CMZ    01/06/04-01/17/04

After talking to Donna Swoger, after I received my employee files in July 2005, I learned that Swoger was not working on 01/06/04.  On 01/06/04 I looked for the manifest and any packages. I waved to the receptionist.  Kruml told me in his office "You took the candy and not the pick-up." I remembered a night time superviser had Contacted me on the route . He asked if I had stopped at the pick-up I answered Yes. He said they have something or they might be closed, I send another driver by to check.

The pick-up was placed back of the desk off to the side. I followed the instructions of the night superviser, MALE VOICE,   1/6/04

PLEASE NOTE: I dID Not fail to go to the pickup

CLOSED CUSTOMER CONCERN
RRDD: 0246
NAPERVILLE  6014

*Lakeburg - warning letter*

******************** URGENT ********************

Original Concern:
  Date/Time:        01/07/04   08:34
  CSC Location:     CCSC09/340
  Confirmation #:   001L01CMZ

Caller Information:                          Incident Location:
  ACCT # 00009666XX
  (630)971-1000                                 SAME
  DONNA SWOGER
  SUBURBAN MOVING & STORAGE
  2100 OGDEN AVE
  LISLE, IL 60532 1507

Description: (P1) Pickup - Scheduled Daily Pickup
  Incident Date/Time: 01/06/04 17:00 - CUST IS DAILY PU ACCT. CUST NEVER RECVD PU FRM
  YESTERDAY. CUST NEEDS TO HAVE PKGS PU TODAY ASAP. PLS CB TO RESOLVE MATTER. NORMAL
  PU TIME IS 3:30PM. THANKS.

Action Taken by the CSC:
  Air Qty:;Ground Qty:7;Cust Wait Time:05:00 PM;Customer Close Time:05:00 PM

                                                                    0

---

Pending?: ___                    FIRST REQUEST RESPONSE

Customer Notification:          _x_ Telephone      ___ Visit      ___ No Contact Required

Contact:    Date  01/07/04    Prior Contact Attempts:    Date            Date
            Time  09:00                                  Time            Time

What action was taken to Satisfy the Customer?:
  CALLED CUSTOMER APOLOGIZED GAVE HER CENTER NUMBER AND LET HER KNOW WE WILL REVIEW WITH
  DRIVER CUSTOMER STATED SHE HAS REVIEWED W/DR ABOUT DEL TO CORRECT ADDRESS AND PU ALL
  PKGS ON A TIMELY MATTER DRIVER SAID ITS NOT HER MAKING DEL ERRORS

UPS Employee Involved:  LAKEBURG,K
Post to Employee's Record?: Y              Completed By: N.SCALZO

*this CONCORN WAS phoned in on thy 6th SUP SAid he would have A Driver take CARE of this.*

*Took the candy - did not take the pick-up*

Concern:001KX34DL 12/05/03

I believe this was wrongfully charged to my records, and was a fellow drivers error. Sue told me to pick this up. I told Sue I did not misdeliver it, but I'd be happy to correct this.

PLEASE Note: I spoke to Sue over the phone AND corrected A misdelivey For Co-worker I served suspension Around JUNE 8, 2004 For this misdelivery by coworker

CLOSED CUSTOMER CONCERN
RRDD: 0246
NAPERVILLE  6014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* URGENT \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Original Concern:
  Date/Time:      12/05/03  09:38
  CSC Location:   NCSC04/160
  Confirmation #:  001KX34DL

Caller Information:                           Incident Location:
  ACCT #
  (630)355 6258                                 SAME
  WHITNEY SURANE
  COUNTRY VILLA
  4715 BEAU BIEN BLVD
  LISLE, IL 60532

Description: (D2) Delivery - Mis-Delivery
  Incident Date/Time: 12/04/03 09:29 - 122894282215078704, DRVR MIS-DELV TO COUNTRY VILLA
  4715 BEAU BIEN BLVD  LISLE IL  60532..PKG ADDR TO MILES A WILLE 2519 OLD TAVERN RD
  LISLE IL 60532.  SCHEDULED DELV DATE 12/04/03.

*who had this package*

Action Taken by the CSC:

*Look up this tracking Number*

Pending?: ___                    FIRST REQUEST RESPONSE

Customer Notification:      _x_ Telephone      ___ Visit      ___ No Contact Required

Contact:   Date  12/05/03     Prior Contact Attempts:   Date              Date
           Time   09:50                                 Time              Time

What action was taken to Satisfy the Customer?:
  SENT A MESSAGE TO THE DRIVER SHE WILL GO PU PKG AND WILL REDELIVER TO THE CORRECT
  ADDRESS CALLED CUSTOMER APOLOGIZED LET KNOW DRIVER WILL BE BY TO PU

UPS Employee Involved:  LAKEBURG,K              Completed By: N SCALZO
Post to Employee's Record?: Y

*need records*



# Law Title

Insurance Agency, Inc.-Naperville

July 15, 2005

Ms. Kathy Lakeburg

This is a summary of our discussion today regarding the attached Closed Customer Concern. When Law Title moved into this building in November, 2003, we occupied Suites 101 and 108. Each office has a UPS account since we are separate profit centers. At that time, I managed the operations in Suite 108.

As I recall, our paths crossed one day in the main lobby and we discussed Law Title having two separate offices in the same building. When I called for UPS to pick up packages, you were being directed to Suite 101. The problem was easily resolved once you knew about both offices. I also recall you started to pick up and deliver to both suites at that time.

In closing, I want to state that you were instrumental in helping us obtain a drop box outside in front of our building. Both offices use that box daily. I hope this information is helpful to you.

Sincerely,

Mary Tobiasz
Assistant Vice-President

CLOSED CUSTOMER CONCERN
RRDD: 0246
NAPERVILLE  6014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* URGENT \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

```
Original Concern:
  Date/Time:        11/20/03  17:59
  CSC Location:     CCSC06/306
  Confirmation #:   001KWRDXR
```

```
Caller Information:                    Incident Location:
  ACCT # 000069YR91
  (630)717-7500                          SAME
  MARY TOBIAS
  LAW TITLE INSURANCE CO INC
  RM# 108 2900 OGDEN AVE
  LISLE, IL 60532
```

Description: (P1) Pickup - Scheduled Daily Pickup
  Incident Date/Time: 11/20/03 17:55 - CUST IS A NEW ACCOUNT AND HAS A DAILY PU AND DR DID
  NOT MAKE THIS ATT TODAY ALTHOUGH 1ST ATT WAS MADE AT THIS ADDRESS ON 11/19/03 25 EXPRESS
  PKGS , THERE IS ANOTHER ACCT FOR THE SAME BUSINESS IN SAME BLDG. 2900 OGDEN STE 101/PKGS
  WERE TAKEN TO A DROP BOX

Action Taken by the CSC:
  Air Qty:;Ground Qty:25;Cust Wait Time:;Customer Close Time:05:00 PM

---

Pending?: ___              FIRST REQUEST RESPONSE

Customer Notification:     _x_ Telephone      ___ Visit      ___ No Contact Required

Contact:   Date  11/20/03      Prior Contact Attempts:    Date            Date
           Time  18:30                                    Time            Time

What action was taken to Satisfy the Customer?:
  CALLED THE CUSTOMER BUT GOT NO ANSWER.  LEFT MESSAGE STATING WE WHERE SENDING DRIVER TO
  RECOVER PKGS.  SENT MESSAGE TO THE AIR DRIVER AND TO REGULAR DRIVER TO ASSURE WE GOT
  STOP COVERED.  AIR DRIVER IN AREA AND WILL DOUBLE CHECK.

---

UPS Employee Involved: LAKEBURG,K                 Completed By: ARNOLDO DIAZ JR.
Post to Employee's Record?: Y

---

Reviewed w/ Kathy. Pam Treadwell union steward
present. Instructed to make verbal customer contact.
Call center or ODS if she is running behind & make
customer contact at each pickup

LAKEBURG - RTJ

see CUSTOMER'S
Letter

**UPS 0092**

Concern 001KDH1HR, 9/03/03

Since Air packages are a priority, I followed company policy to get Air packages delivered on time. Matt, from 84 Lumber, ran after my vehicle after delivering the Air packages, because he was anxious to get the ground packages. This was approximately 10:20a.m. I stopped to accommodate the customer and had to reach over other packages and purposely placed them on other boxes as not to damage packages. No report of damage.

Please note: Kruml's handwritten note distorts customer's concern to make me look bad.

OPEN CUSTOMER CONCERN
RRDD: 0246
NAPERVILLE  6014

******************** URGENT ********************

Original Concern:
  Date/Time:        09/03/03  10:52
  CSC Location:     CCSC04/440
  Confirmation #:   001KDH1HR

Incident Location:

Caller Information:
  ACCT # 00002RV306
   (630)355-8420
  MATT PHILLIPS
  84 LUMBER COMPANY
  1704 N AURORA RD
  NAPERVILLE, IL 60563

  SAME

Description: (C1) Center Concerns - Hourly Personnel
  Incident Date/Time: 09/03/03 10:51 - 1Z34124X0145684517, LADY DRIVER, LICENSE PLATE#
  19757, CUS SAYS DRIVER WAS RUDE, HARD TO TALK TO, ROUGHLY HANDLING PKGS THE THE
  EXTENT OF CAUSING DENTS IN HIS BOXES BY DROPPING THEM, REQ A CALL BACK , MATT @
  630-355-8420

Action Taken by the CSC:

---

Pending?: ___                    FIRST REQUEST RESPONSE

Customer Notification:        ___ Telephone    ___ Visit      ___ No Contact Required

Contact:   Date           Prior Contact Attempts:   Date              Date
           Time                                      Time              Time

What action was taken to Satisfy the Customer?:

UPS Employee Involved:                        Completed By:
Post to Employee's Record?:

Called customer - Apologized. Will Review w/Driver.
He asked, if there was another box in the truck.
She went into truck, she said "messing w/ my lunch".
Throwing Package Denting boxes.

Concern 001JT9FRJ  7/30/03

There was no failure to pick-up 2-day air.  The Package was a Fed-X parcel, not UPS.

I did not use profane language, but I did mumble to myself that they were placing wrong weights on the packages.  No one was in the room at the time.  This company had been politely warned to put correct weights on their packages.  Ocular Group became a suspended account.

Please note:  The concern "Scotti" recorded was different from customer's original concern.  "Scotti" is an unknown person to me, but is a reoccurring pattern in concerns.    See aHAchment   AUillA

CLOSED CUSTOMER CONCERN
RRDD: 0246
NAPERVILLE 6014

*UNBW4P.*

Original Concern:
    Date/Time:        07/30/03  16:29
    CSC Location:     CCSC04/107
    Confirmation #:   001JT9FRJ

Caller Information:                          Incident Location:
    ACCT # 0000R75A70
    (630)544-5025                                SAME
    NICOLE ZILLER
    OCULAR GROUP
    1548 BOND ST
    NAPERVILLE, IL 60563 6508

Description: (C1) Center Concerns - Hourly Personnel
    Incident Date/Time: 07/29/03 17:00 - SHIPPER R75A70 STATES DRVR WAS RUDE, REFUSED TO
    PICK UP 2DA PKG ON 7/29, DRVR HAS BEEN DISRESPECTFUL AS WELL AS USED PROFANE
    LANGUAGE.  PLEASE CONTACT NICOLE ZILLER @ 630.544.5025 TO DISCUSS.


Action Taken by the CSC:

---

Pending?: ___
                        FIRST REQUEST RESPONSE
Customer Notification:      _x_ Telephone      ___ Visit      ___ No Contact Required

Contact:    Date  07/30/03    Prior Contact Attempts:   Date          Data
            Time  16:59                                 Time          Time

What action was taken to Satisfy the Customer?:
    CUST SAYS DRIVER IS ALWAYS RUDE. DRIVER CONSTANTLY SWEARS & MUMBLES UNDER HER BREATH.
    THROWS BOXES & DROPS THINGS & DOESN'T CARES. SAYS SHE IS CONSIDERING USING FED EX.
    TOLD HER I WILL FORWARD INFO TO DRIVER'S F/T SUP (ORKASINSKI)


UPS Employee Involved:  LAKEBURG,K
Post to Employee's Record?: Y                        Completed By: SCOTTI

---

*SARA*

**Naperville Center**

# Memo

**To:**  Tom Haefke

**From:**  Larry Kruml

**CC:**  Frank Whalley

**Date:**  07/29/03

**Re:**  Attendance

---

Kathy Lakeburg,

I have reviewed your attendance record and I find that you been ABSENT on four occasions since 10/15/02. You have been spoken to, and warned, regarding your responsibility to be at work on time daily, as scheduled.

Please consider the seriousness of your actions and PROTECT YOUR JOB by reporting to work as scheduled. If any further incidents of the same nature occur, it will result in further disciplinary action, up to and including discharge.

Larry Kruml

Naperville Center Manager

Driver signature:

Steward signature:

• Page 1

UPS 0113



Absent Funeral Leave
UPS Sent Flowers And CARD

Hitzeman
Funeral Home, Ltd.
9445 31st Street
Brookfield, Illinois
773-521-3808   708-485-2000

In Memoriam

2002
1906
96

**AFTERGLOW**

I'd like the memory of me
To be a happy one.
I'd like to leave an afterglow
Of smiles when life is done.

I'd like to leave an echo
Whispering softly down the ways,
Of happy times and laughing times
And bright and sunny days.

I'd like the tears of those who grieve,
To dry before the sun.
Of happy memories that I leave behind
When life is done.

In Loving Memory of
Maxine E. Wilkinson

✝

Born
MARCH 11, 1906

Passed Away
MON., NOVEMBER 18, 2002

Services Held at
HITZEMAN
FUNERAL HOME, LTD.
THURS., NOVEMBER 21, 2002
8:30 P.M.

Officiating
REV. MARK JARGSTORF

Private Interment at
PUTNAM CEMETERY
Putnam, Illinois

```
WEDNESDAY   WEEK ENDING:    02/12/05        DAILY PACKAGE RECAP              DISTRICT: NORTH ILLINO  DIST# 0246
10.438      02/10/05  02:02                                                 CENTER  : NAPERVILLE    SLIC 6014
SUPERVISOR GROUP 1
```

| NAME | | TOT | AM | S&L | ON ROAD | PM | LCL SRT | TOT PLAN | CV UN'D | HRS | CD | SPO/HK | MLS | TGR | MSD | C/C | PD | GR STP | # 1DA | NET COD | NET CALL | MSD STP | STP | RCR PKG | HI VAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AITES | S | 800 | 17 | | 767 | 16 | | 923 | 123- | | | 25.8 | 97 | 294 | | 1 | 3 | 192 | 23 | 1 | 2 | 6 | | 54 | |
| BELL | J | CALLED IN | | | | | | | | | | | | | | | | | | | | | | | |
| DODD | S | 800 | 22 | | 770 | 8 | | 1066 | 266- | | | 29.5 | 99 | 322 | | 2 | 6 | 212 | 28 | 1 | 1 | 15 | | 89 | |
| DONLEY | S | 909 | 24 | | 873 | 12 | | 889 | 20 | | | 21.9 | 75 | 342 | | 1 | 16 | 182 | 27 | | | 9 | | 21 | 2 |
| FREDERICK | R | 800 | 25 | | 764 | 11 | | 1036 | 206- | | | 25.4 | 86 | 349 | 1 | | 3 | 158 | 74 | | 1 | 36 | | 108 | 12 |
| HAYDOCK | J | VACATION | | | | | | | | | | | | | | | | | | | | | | | |
| HENDRICKSON | L | COMPENSATION - ON JOB | | | | | | | | | | | | | | | | | | | | | | | |
| HOFFMAN | S | 800 | 25 | | 760 | 15 | | 1042 | 242- | | | 30.3 | 101 | 280 | | | 8 | 226 | 26 | 2 | 1 | 4 | | 3 | |
| KERULIS | J | 989 | 8 | | 951 | 30 | | 927 | 62 | | | 16.7 | 101 | 380 | | | 5 | 149 | 13 | | | 11 | | 185 | |
| LAKEBURG | K | 1046 | 42 | | 1004 | | | 963 | 33 | 20 BK | | 20.5 | 88 | 310 | | 1 | 6 | 171 | 25 | | 3 | 35 | | 75 | |
| MCCURLEY | K | 1146 | 17 | | 1117 | 12 | | 955 | 138 | | | 17.1 | 72 | 275 | | 4 | 4 | 154 | 21 | 3 | | 37 | | 167 | |
| MCDONALD | D | 936 | 17 | | 895 | 24 | | 893 | 43 | | | 17.9 | 57 | 277 | | | 1 | 108 | 61 | | 1 | 52 | | 179 | 7 |
| MITCHELL | J | COMPENSATION - ON JOB | | | | | | | | | | | | | | | | | | | | | | | |
| MORRIS | J | 966 | 34 | | 925 | 27 | | 897 | 95 | | | 17.4 | 82 | 259 | | | | 133 | 25 | 2 | | 28 | | 120 | |
| PENDLETON | O | 800 | 34 | | 736 | 30 | | 967 | 167- | | | 26.8 | 102 | 243 | | | 4 | 161 | 14 | | 1 | 36 | | 88 | |
| PRETE | M | 800 | 25 | | 762 | 13 | | 1066 | 256- | | | 31.6 | 95 | 289 | | 2 | 6 | 232 | 25 | 1 | | 9 | | 5 | 1 |
| ROSS | D | SCHEDULED OFF | | | | | | | | | | | | | | | | | | | | | | | |
| SCHWOLOW | J | CALLED IN | | | | | | | | | | | | | | | | | | | | | | | |
| SMALLWOOD | R | 800 | 17 | | 780 | 3 | | 1009 | 209- | | | 27.8 | 99 | 270 | | | 10 | 207 | 14 | | | 10 | | 20 | |

*(handwritten annotations on page:)*

- Next to BELL: ") Absot"
- Next to LAKEBURG/right margin: "172 Stops"
- Next to ROSS: "X"
- Bottom center: "Absent Drivers"

Concern Vines and Branches, 2/01/01

One person at the store was unhappy because Luann Hunter was not doing the route and I had only been there once that year.

The "foul" language I used was "darn".

I did no damage to their doors.

No one else on the route asked me to be removed.

Vine and Branches manager was unaware of the complaint from one of their employees.

pleAse Note : MANAGeR wishes the complAint to be RemoveD from my file

**John's Christian Stores**
**1212 S. Naper Blvd. #105**
**Naperville, IL 60540**

July 18, 2005

UPS
Personnel

Dear Sir or Madam:

Regarding the complaint involving Kathryn Lakeberg dated 2/1/01, we believe there may have been a misunderstanding at the time. We wish the complaint against Ms. Lakeberg to be removed and we also wish to make it understood that we hold no ill will against Ms. Lakeberg or UPS.

Sincerely,

Shelly Traen
Manager

Expanded View of Concern

Page 1 of 2

# UPS Concerns Analysis Tracking System

Log Out    Summary                    Reports    Training

**Concern Date:** 2/1/01    **Time:** 11:27:32 AM    **Center:** 6014    **Taken By:** Jennifer Mauldin

## Caller Information - Consignee

**Case No:** A02460201012    **Phone:** 630-983-0076
**Account No:** '    **Company Name:** VINE AND BRANCHES BOOKSHOP
**First Name:** Margo    **Last Name:** Viler
**Address:** 1212 South NAPER Boulevard #102
**City:** NAPERVILLE    **State:** IL    **Zip:** 60540

**Code:** C1 - Hourly Personnel

### Situation:

This customer called to express their displeasure with driver, Kathy Lakesburg. She said the driver had been off the route for a while but returned yesterday "with a bang". The customer said she is always rude, uses foul language and does not represent UPS professionally at all. And yesterday, to make things worse, she backed into their double doors, dented them and drove off. Ms. Viler said she is speaking for the entire community in requesting that she be removed from the route. They do not want her out there. Note: The customer/community insists on having driver, Lou Anne Hunter, back.

## Corporate Action Taken:

Apologized to Customer

| Contact History\Concern Status | Employee | Date | Time | Edit |
|---|---|---|---|---|
| Apologized-promised to investigate\resolve | FARMER, MICHAEL | 2/1/01 | 12:41:07 PM | ☐ |
| called the customer to apologize about the drivers behavior and the accident that occurred yesterday. I personally visited the customer yesterday as well. | | | | |
| Liberty Mutual contacted to assist in resolution | FARMER, MICHAEL | 2/1/01 | 12:41:07 PM | ☐ |
| called the customer to apologize about the drivers behavior and the accident that occurred yesterday. I personally visited the customer yesterday as well. | | | | |
| Division \ Staff Manager notified of concern | FARMER, MICHAEL | 2/1/01 | 12:41:07 PM | ☐ |
| called the customer to apologize about the drivers behavior and the accident that occurred yesterday. I personally visited the customer yesterday as well. | | | | |

## Root Cause of Concern:

Service Provider
  Professionalism / Image
    Rudeness
      Obscene Language / Gestures
        DRIVER IS UNPROFESSIONAL IN HER LANGUAGE .

6/26/03

*Rakeburg*

| Package Data - Tracking Number - Search Criteria | | |
|---|---|---|
| **Tracking Number:** | 1Z6734694209469540 | |
| **Service Level:** | GROUND DEL CONF | |
| **Revised Delivery Date:** | 06/27/03 | |

**Search Results:**
Package is Part of a Shipment.

| — Customer Information — | | — Shipment — | |
|---|---|---|---|
| **Shipper:** 673469 | **Ship To:** | **Service Level:** | GROUND |
| AVENTIS PHARMACEUTICALS | DENIS CREMIN | **Total Packages:** | 1 |
| 8333 HICKMAN MILLS DR | 1852 LASALLE AVE | **Pickup Date:** | 06/24/03 |
| KANSAS CITY MO 64132 | NAPERVILLE IL 60563 | **Billing Type:** | PREPAID |
| UNITED STATES | UNITED STATES | | |

© 2000-2003, United Parcel Service of America, Inc. All Rights Reserved.



http://im... ...0/cics/T7C2PDVP

06/27/2003



# DOCUMENT OF CONVERSATION

On ___6/26/03___, the Naperville center audited 38 packages in Kathy Lakeburg's package car.

" 1 " package(s) was found to be unscanned, no record of package can be found after the delivery scan audit. The package was not recorded in his(her) Diad. He(she) understands all packages will be keyed into the DIAD. Any mis-routes or missed packages must be communicated to the Rockford center team prior to arrival back to the center.

I have been retrained in the delivery scan process and methods and understand the procedures that I will follow.

If this problem continues, further disciplinary action will be taken up to and including termination.

Management Signature: _____

Employee Signture: _____

Steward Initials: _____

Del Scan RFD Document of conversation.mydocuments.word

**AM Prescan Audit Summary — 06/26/03**
**Building: 6039    SLIC: 6014**

Page: 1

| Missed Delivery Scans | | | | |
|---|---|---|---|---|
| User ID | Scanner | Scan Car | Tracking | Scan Time |
| PRSCN0001A | 124 | 100170 | 1Z1X34340345366675 | 6:52:34 |
| PRSCN0001A | 124 | 651967 | 1Z6734694209469540 | 6:45:44 |
| PRSCN0001A | 124 | 659558 | 1ZAE73280345824036 | 7:01:56 |

*Recchia DBLlabel ok*
*Lakeburg — error*
*Rumisher — error*

| Missed Delivery Scan Frequency | | | |
|---|---|---|---|
| Car | Scanned Pkgs | No Scans | Frequency |
| 100170 | 71 | 1 | 1/ 71 |
| 111072 | 49 | 0 | 0/ 49 |
| 132774 | 38 | 0 | 0/ 38 |
| 651967 | 38 | 1 | 1/ 38 |
| 652555 | 40 | 0 | 0/ 40 |
| 652803 | 37 | 0 | 0/ 37 |
| 653592 | 33 | 0 | 0/ 33 |
| 655384 | 47 | 0 | 0/ 47 |
| 656498 | 86 | 0 | 0/ 86 |
| 659558 | 45 | 1 | 1/ 45 |
| 661173 | 41 | 0 | 0/ 41 |
| 803045 | 54 | 0 | 0/ 54 |
| 806603 | 7 | 0 | 0/ 7 |
| TOTAL | 586 | 3 | 1/ 195 |

Copyright © 2002, United Parcel Service of America, Inc. All Rights Reserved.

*did Recchia*
*or*
*Rumshek get*
*write*
*ups*

*NO ¶ Negligence*

*There is no negligence her*
*gave label to supervisers*
*communication to the Rockford team*
*is the sups job —*

*scape goate — of so Larry doesnt get in*
*Trouble — he writes me up*

## AM Prescan Audit Summary — 08/05/03
### Building: 6039   SLIC: 6014

Page: 1

| Missed Delivery Scans | | | | |
|---|---|---|---|---|
| User ID | Scanner | Scan Car | Tracking | Scan Time |
| PRSCN0001A | 123 | 131401 | 1Z6598584251931187 | 6:02:02 |
| PRSCN0001A | 123 | 651967 | 1ZA2405F0336543737 | 6:06:10 |

*— wilgus LAKEBURG* (handwritten)

| Missed Delivery Scan Frequency | | | |
|---|---|---|---|
| Car | Scanned Pkgs | No Scans | Frequency |
| 111072 | 26 | 0 | 0 / 26 |
| 115275 | 53 | 0 | 0 / 53 |
| 131401 | 48 | 1 | 1 / 48 |
| 131424 | 53 | 0 | 0 / 53 |
| 132774 | 19 | 0 | 0 / 19 |
| 651967 | 22 | 1 | 1 / 22 |
| 652555 | 25 | 0 | 0 / 25 |
| 652803 | 21 | 0 | 0 / 21 |
| 653592 | 37 | 0 | 0 / 37 |
| 656498 | 23 | 0 | 0 / 23 |
| 659558 | 15 | 0 | 0 / 15 |
| 803045 | 26 | 0 | 0 / 26 |
| 806576 | 20 | 0 | 0 / 20 |
| TOTAL | 388 | 2 | 1 / 194 |

*2 Didwilgus get a write up* (handwritten)

Copyright © 2002, United Parcel Service of America, Inc. All Rights Reserved.

ITT View Package - Movement                                                    Page 1 of 1

_Lakeberg_

Package Data - Tracking Number - Search Criteria
Tracking Number:        1ZA2405F9336543737
Service Level:          GROUND
Revised Delivery Date:  08/05/03
Search Results:

| Type | Shipper # | Address/Location | Date | Time | Status |
|------|-----------|------------------|------|------|--------|
| SCAN |  | 6038P/ADDISON,IL US | 08/05/03 | 07:06 | OUT FOR DEL |
| SCAN |  | 6038 /ADDISON,IL US | 08/05/03 | 06:45 | OUT FOR DEL |
| SCAN |  | 6038 /ADDISON,IL US | 08/05/03 | 01:29 | ARRIVAL SCAN |
| SCAN |  | 6059 /CACH,IL US | 08/05/03 | 00:56 | DEPARTURE |
| SCAN |  | 6059T/CACH,IL US | 08/04/03 | 20:14 | LOCATION |
| SCAN |  | 6059 /CACH,IL US | 08/04/03 | 01:46 | ARRIVAL SCAN |
| SCAN |  | 9029 /LA-GRANDE VI CA US | 07/31/03 | 06:56 | DEPARTURE |
| SCAN |  | 9029N/LA-GRANDE VI CA US | 07/31/03 | 00:01 | LOCATION |
| SCAN |  | 9029 /LA-GRANDE VI CA US | 07/30/03 | 22:00 | ARRIVAL SCAN |
| SCAN |  | 9240 /SAN BERNARDI CA US | 07/30/03 | 20:44 | DEPARTURE |
| SCAN |  | 9240L/SAN BERNARDI CA US | 07/30/03 | 18:59 | ORIGIN SCAN |
| MANIF | A2405F | /US | 07/30/03 | 10:07 | BILLING INFO |

© 2000-2003, United Parcel Service of America, Inc. All Rights Reserved.

8/6
Signed
Board

received

by
Sebatron

Waurey
Letter
8/6/03