IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHRYN M. LAKEBERG | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 7095 |
| | ) | |
| -vs- | ) | Judge Milton I Shadur |
| | ) | |
| UNITED PARCEL SERVICE, et al. | ) | |
| | ) | |
| Defendants | ) | |

**TEAMSTERS LOCAL 705'S MOTION FOR AN ORDER DIRECTING
ENTRY OF A JUDGMENT IN FAVOR OF LOCAL 705 AND THE
OTHER DEFENDANTS AFFILIATED WITH LOCAL 705, ALL OF
WHOM WERE DISMISSED IN THE DECEMBER 20, 2007 ORDERS**

Pursuant to Fed.R.Civ.P. 54(b) ("Rule 54(b)"), Teamsters Local 705 ("Local 705"), Kenny Emanuelson, Daryl Cessaradi, Jim Drahula, and Lisa Hendrickson (collectively, the "Local 705 defendants") move for an order directing entry of a judgment in their favor, all of whom were dismissed in this court's orders of December 20, 2007. In support thereof, the Local 705 defendants states that:

1. Under Rule 54(b), a district court may direct entry of a final judgment as to fewer than all the claims or all parties if certain conditions are met and "the court expressly determines that there is no just reason for delay."

2. This action involved multiple claims and multiple parties in that United Parcel Service ("UPS") and two of its employees were sued for sex and age discrimination under the applicable federal anti-discrimination statutes while the Local 705 defendants were sued for violations of a union's duty of fair representation under § 301 of the National Labor Relations Act ("§ 301" of the "NLRA"), 29 U.S.C. § 185.

3.   Pursuant to the Memorandum Order entered on December 19, 2007 and the Minute Order entered on December 20, 2007 (collectively, the "Dismissal Orders"), this court dismissed the Local 705 defendants because the claims against them were filed after the applicable limitations period had run.  *See* the Dismissal Orders; § 10(b) of the NLRA, 29 U.S.C. § 160(b); *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 155 (1983).[1]

4.   The Dismissal Orders constitute a final judgment in the sense that they are decisions upon cognizable claims for relief, which reflect the ultimate disposition of, and fully resolve, all claims against the Local 705 defendants.  *See United States v. Ettrick Wood Products, Inc.*, 916 F.2d 1211, 1217 (7th Cir. 1990); *United States General, Inc. v. Albert*, 792 F.2d 678, 680 (7th Cir. 1986), citing *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980).

5.   Since all the claims have been resolved with respect to the Local 705 defendants, but a claim remains pending against United Parcel Service, the court may direct entry of a judgment of dismissal as to the claims against the Local 705 defendants, and certify that judgment for immediate appeal if it finds that "there is no just cause for delay."  *See* Rule 54(b); *Cooper Power Systems, Incorporated v. Union Carbide Chemicals & Plastics Company, Incorporated*, 123 F.3d 675, 678 n. 1 (7th Cir. 1997).

6.   To determine whether there are any just reasons for delaying an immediate appeal, a district court should consider "both 'judicial administrative interests asa well as the equities

---

[1]   The federal courts have uniformly held that the duty to fairly represent a union member is a duty owed by the union itself, not by each union official and that, therefore, union officials are not personally liable to individual union members.  *See Morris v. Local 819*, 169 F.3d 782, 784 (2nd Cir. 1999); *Carter v. Smith Food King*, 765 F.2d 916, 920-21 (9th Cir. 1985); *Montplaisir v. Leighton*, 875 F.2d 1, 4 (1st Cir. 1989); *Banks v. Alexander*, 493 F.Supp.2d 1008, 1016 (S.D. Ohio 2007) (collecting cases).  Accordingly, this doctrine constitutes an independent ground for dismissal of the Local 705 defendants other than Local 705 itself.

involved,' ... [and] 'weigh the virtues of accelerated judgment against the possible drawbacks of piecemeal review.'" *United States General*, 792 F.2d at 681, citing *Curtiss-Wright*, 446 U.S. at 8.

7. In this case, a finding that there are no just reasons to delay immediate appeal ("just cause finding") is appropriate because:

   a) "the claims under review [are] separable from the others remaining to be adjudicated...." *United States General*, 792 F.2d at 681, citing *Curtiss-Wright*, 446 U.S. at 8. Indeed, the limitations ruling, which was the basis for dismissing the claims against the Local 705 defendants, is unique to the allegations involving the Local 705 defendants and, therefore, the court of appeals would not have to waste its resources by revisiting the same issues in the event of a second appeal. *See id.; Cooper Power Systems*, 123 F.3d at 678 n. 1.

   b) "a statute of limitations is intended primarily for the benefit of the defendant, to protect him from having to defend against stale claims." *Stephan v. Goldinger*, 325 F.3d 874 (7th Cir. 2003) (citations omitted). Having dismissed the claims against the Local 705 defendants because those claims are "way out of time," if those defendants had to wait until the litigation against UPS was complete, then defend against an appeal and, then defend the claims on the merits if the Dismissal Orders were reversed and the case was remanded for further litigation, they would be forced to defend claims that were very, very stale indeed. If, at this point, plaintiff does not prosecute an appeal, the Local 705 defendants should be free of her claims.

   c) Affirmance of this court's dismissal of the Local 705 defendants would terminate the participation of those parties and allow the rest of the litigation to be resolved in a more focused manner. *Cooper Power Systems*, 123 F.3d at 678 n. 1.

8. Accordingly, "[t]here is no just reason why [the Local 705 defendants] should have

to wait for the outcome of the battle between {Lakeberg and UPS] in order to get a definitive resolution of [their] rights." *Walker v. Maccabees Mutual Life Insurance Co.*, 753 F.2d 599, 601 (7th Cir. 1985).

9.  To make the Dismissal Orders appealable, Rule 54(b) requires this court "to expressly find that 'there is no just reason for delay' and to expressly direct entry of final judgment." *Ettrick Wood Products, Inc.*, 916 F.2d at 1217 (citation omitted). It is also "a good idea for a [district] court to cite ... [Rule 54(b)] .. [and] it is important that the court explain its reasoning" for entering a 54(b) order. *Id.* at 1218.

## CONCLUSION

Pursuant to Rule 54(b), the court should find that there is no just cause to delay the entry of a final, appealable judgment dismissing the claims against the Local 705 defendants and direct entry of such a judgment.

By _____
One of the Attorneys for the Local 705 defendants

Jeffrey B. Gilbert
Phillip Snellling
Johnson, Jones, Snelling,
    Gilbert & Davis, P.C.
36 South Wabash Avenue, Suite 1310
Chicago, IL 60603
(312) 578-8100