**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KATHRYN M. LAKEBERG, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07CV7095 |
| | ) | |
| v. | ) | Judge Milton I. Shadur |
| | ) | |
| UNITED PARCEL SERVICE, | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendant. | ) | |

**UNITED PARCEL SERVICE'S**
**MOTION TO DISMISS COMPLAINT**

Defendant United Parcel Service, Inc. ("UPS") moves this Court pursuant to Rules 12(b)(6) and/or Rules (8)(a), (8)(e)(1) and 10(b) of the Federal Rules of Civil Procedure to dismiss the Complaint of Kathryn Lakeberg ("Plaintiff" or "Lakeberg"). In support of its motion, UPS states as follows:

1.      On March 3, 2008, Lakeberg, a former UPS employee, filed an 11-page *pro se* Complaint advancing a host of allegations against UPS, her Union, and various individuals. The Court *sua sponte* dismissed the Union and the various individuals, and UPS remains as the sole defendant. Those Complaint allegations apparently directed at UPS, which date back to 2003, attempt to state claims under Title VII, 42 U.S.C. § 2000e-5, for discrimination based on sex, common law defamation, and the Illinois Personnel Record Review Act, 820 ILCS 4/1 *et. seq.* Lakeberg's Complaint should be dismissed pursuant to Rule 12(b)(6), because her allegations are either time-barred or she failed to exhaust her administrative remedies. Her Complaint should also be dismissed

- 1 -

for failure to comply with the pleading requirements set forth in Fed. R. Civ. P. Rules 8(a), 8(e)(1), and 10(b).

## II. Plaintiff's Claims Are Not Properly Before This Court And/Or Do Not State A Claim Upon Which Relief Can Be Granted

2. Previously, Lakeberg filed Charge No. 210-2005-03781 with the Equal Employment Opportunity Commission ("EEOC") on March 25, 2005 ("First Charge"), alleging UPS discriminated against her based on her sex when it (1) suspended her in June 2004 for misdeliveries, (2) questioned her in February 2005 about punching out after eight hours, and (3) terminated her in March 2005 for customer complaints. (Compl., p. 14.)

3. On June 14, 2005, the EEOC issued Lakeberg a Notice of Right to Sue on her First Charge. (See Exhibit 1.)

4. On August 11, 2005, Lakeberg filed Charge No. 2006CA0255 with the Illinois Department of Human Rights ("IDHR") (cross-filed with the EEOC) (the "Second Charge"), realleging that UPS terminated her on March 7, 2005, because of her sex and adding (for the first time) that she was discriminated against based on her age. (Compl., p. 15-16.)

5. On September 20, 2007, the EEOC sent Lakeberg a Dismissal and Notice of Rights letter on her Second Charge. (Compl., p. 12.)

6. A condition precedent to filing suit under Title VII is that a plaintiff file a complaint within 90 days of receiving a Notice of Right to Sue.

7. Lakeberg, however, did not file her complaint until December 18, 2007 — well over two years after receiving the Notice of Right to Sue on her First Charge.

- 2 -

8.      Because Lakeberg did not comply with Title VII's 90-day filing requirement, her Title VII claim is time-barred.  In addition, Lakeberg's Title VII claim should also be dismissed because the majority of her allegations are beyond the scope of her Second Charge of discrimination, which *only* complains of her discharge in March 2005.

9.      Lakeberg's Title VII claim should also be dismissed because she pleads herself out of court by admitting on the face of her Complaint that similarly situated male employees were also terminated.

10.     Lakeberg's claims under the Illinois Personnel Record Review Act should be dismissed because she failed to exhaust her administrative remedies before filing suit, as required by Section 12(b) of the Act.

11.     Lakeberg's common law defamation claim should be dismissed because it is time-barred by the applicable one-year statute of limitations.

## II.      Plaintiff's Complaint Violates Rules 8(a), (8)(e)(1) and 10(b)

12.     Plaintiff's Complaint should be dismissed because it consists of an impenetrable hodgepodge of allegations that are neither capable of surviving a motion to dismiss nor capable of being responding to.  Rules 8(a) and (8)(e)(1) require a plaintiff to present a short and plain statement of her claim showing entitlement to relief and to set forth her claim with concise and direct averments.  Rule 10(b) requires that claims in a complaint be divided into separate counts to facilitate the clear presentation of the matters set forth.  Plaintiff's Complaint should be dismissed because it violates both the letter and spirit of Rules 8(a), (8)(e)(1), and 10(b).

13.     UPS submits herewith a memorandum of law in support of this Motion.

QBACTIVE\920018.01167\6197526.1

- 4 -

WHEREFORE, Defendant United Parcel Service, Inc. requests that this Court dismiss Plaintiff's Complaint with prejudice pursuant to Rules 12(b)(6) and/or Rules 8(a), 8(e)(1) and 10(b), and award UPS its costs, including attorneys' fees, reasonably incurred in obtaining dismissal.


Dated:  April 22, 2008

<div style="margin-left:50%;">

Respectfully submitted,

UNITED PARCEL SERVICE, INC.


By: /s/ Meghan E. Riley
    One of Its Attorneys

</div>

John A. Klages, ARDC #06196781
Ellen M. Girard, ARDC #06276507
Meghan E. Riley, ARDC #06288548
Quarles & Brady LLP
500 West Madison Street, Suite 3700
Chicago, IL 60661
(312)  715 – 5000
Jk2@quarles.com
egirard@quarles.com
meriley@quarles.com

QBACTIVE\920018.01167\6197526.1

- 5 -

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on April 22, 2008, a copy of the foregoing UPS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

The undersigned also certifies that she served a true and correct copy of the foregoing UPS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT upon:

> Kathryn M. Lakeberg
> 4909 Cross Street
> Downers Grove, IL 60515

by placing same in the U.S. Mail at 500 West Madison Street, Chicago, Illinois 60661, properly addressed and first class postage prepaid, before 5:00 p.m. on April 22, 2008.

/s/ Megan E. Riley

- 5 -