IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHRYN M. LAKEBERG, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07CV7095 |
| | ) | |
| v. | ) | Judge Milton I. Shadur |
| | ) | |
| UNITED PARCEL SERVICE, | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF
UPS'S MOTION TO DISMISS COMPLAINT**

Defendant, United Parcel Service, Inc. ("UPS"), submits this memorandum of law in support of its motion to dismiss Plaintiff Kathryn M. Lakeberg's ("Plaintiff" or "Lakeberg") Complaint pursuant to Fed. R. Civ. P. Rules 12 (b)(6), 8(a), 8(e)(1) and 10(b). Lakeberg's Complaint advances a host of extraneous allegations against UPS, her Union, and various individuals.[1] In fact, the allegations against UPS, the Union, and the individuals are so intertwined, UPS is uncertain what legally cognizable claims Lakeberg is alleging against it. Giving *pro se* Lakeberg the benefit of the doubt, UPS will presume she attempts to allege the following claims against it: (1) sex discrimination in violation of Title VII, (2) violations of the Illinois Personnel Record Review Act, 820 ILCS 4/1 *et. seq.* ("IPRRA" or "Act"), and (2) the Illinois common law tort of defamation. Lakeberg's claims fail as a matter of law and should be dismissed because she has failed to satisfy condition precedents to filing suit on her Title VII and IPRRA claims, she pleads herself out of court on her Title VII claim, and the one-year statute of

---

[1] In its Order dated December 19, 2007, this Court dismissed the Union and the various named individuals from the case. UPS remains as the sole defendant.

limitations applicable to her defamation claim is expired. Lakeberg's disregard for the pleading requirements set forth in Fed. R. Civ. P. Rules 8 and 10 also warrant dismissal of her Complaint.

## BACKGROUND

Lakeberg, a former UPS package car driver who worked out of UPS's Addison, Illinois facility, was terminated on or around March 7, 2005, after she was placed on notice of termination for multiple customer complaints citing her unprofessional conduct. Following her termination, Lakeberg filed Charge No. 210-2005-03781 with the Equal Employment Opportunity Commission ("EEOC") on March 25, 2005 (the "First Charge"), claiming UPS discriminated against her based on her sex when it (1) suspended her in June 2004 for misdeliveries, (2) questioned her in February 2005 about punching out after eight hours, and (3) *terminated her in March 2005 for customer complaints*. (Compl., p. 14.) On June 14, 2005, the EEOC dismissed the First Charge and notified Lakeberg of her right to file suit, but Lakeberg did not exercise this right within 90 days. (See Exhibit 1.)[2] Instead, on August 11, 2005, she filed Charge No. 2006CA0255 with the Illinois Department of Human Rights ("IDHR") (cross-filed with the EEOC) (the "Second Charge"), inappropriately realleging that she was terminated on March 7, 2005, because of her sex and adding (for the first time) that she was discriminated against based on her age. (Compl., p. 15-16.) On February 26, 2007, the IDHR Chief Legal Counsel affirmed the IDHR's dismissal of Lakeberg's Second Charge. On September 20, 2007,

---

[2] While Lakeberg attached her First and Second Charges, as well as the EEOC's Notice of Right to Sue on her Second Charge, she conveniently left out the Notice of Right to Sue on her *First Charge*. As the Notice of Right to Sue on Lakeberg's First Charge is central to her Title VII claim, Fed.R.Civ.P. 10(c) permits the Court to consider it in deciding this Rule 12(b)(6) motion without converting the motion to a motion for summary judgment. See Duferco Steel, Inc. v. M/V Kalisti, 121 F.3d 321, 324 (7th Cir. 1997) ("Documents referred to in, but not attached to, a plaintiff's complaint that are central to its claim may be considered in ruling on a Rule 12(b)(6) motion if they are attached to the defendant's motion to dismiss."); Perkins v. University of Illinois at Chicago, No. 95 C 4320, 1995 WL 680758, at *3 (N.D. Ill. 1995) (EEOC Charges and Notices of Right to Sue not attached to the complaint

the EEOC sent Lakeberg a Dismissal and Notice of Rights letter stating it had adopted the IDHR's decision dismissing her cross-filed Second Charge. (Compl., p. 12.) For convenience, the underlying First and Second Charges, along with the Notice of Rights letters, are attached hereto as Exhibits 1 and 2, respectively.

On December 18, 2007, Lakeberg filed her 11-page *pro se* Complaint (with nearly 100 pages of extraneous exhibits), advancing a host of allegations against UPS, her Union, and various individuals. On December 19, 2007, the Court, *sua sponte*, issued an Order dismissing the Union and the various individuals. However, the allegations against all the original defendants remain in her lawsuit against the now sole defendant, UPS.

### **COMPLAINT ALLEGATIONS**[3]

Lakeberg's circuitous chronicle of events, which interweaves claims against UPS, her Union, and number of individuals dates back to fall of 2003. The vast majority of her 11-page Complaint complains that her Union failed to properly represent her following her termination. The claims directed at UPS involve alleged conduct by Center Manager Larry Kruml from 2003 to 2005, including: that he and his management team "engaged in several acts of defamation by alternating [*sic*] the words on customer concerns" and excluding Lakeberg from her employment records (Compl., ¶¶ 1, 11, 12); wrongfully discharged her on March 7, 2005, based on customer complaints (Compl., ¶¶ 1, 2); harassed her by denying her access to her employee records and behaving "verbally hostile" towards her (Compl., ¶¶ 7, 12); treated her "less favorably than others" with respect to discipline and her discharge (Compl., ¶19). According to Lakeberg, she

---

were properly considered in context of Rule 12(b)(6) motion as they were central to plaintiff's Title VII claim and referenced within the complaint).

[3] For the purposes of this motion only, UPS will assume that the hodgepodge of factual allegations in Lakeberg's Complaint (attached hereto as Exhibit 3) are true.

was not "disciplined or written up for concerns prior to Kruml's management" in 2003. (Compl., ¶ 16.) She further claims Kruml "manufactured evidence" of poor performance to suspend her in May 2004 (Compl., ¶ 19 (J-K)), and that she was the only employee he reprimanded in June 2005 for failing to communicate with her supervisor after 3:30 p.m. (Compl., ¶ 19 (M).)

In addition to the allegations involving Kruml, Lakeberg alleges Office Managers Sue Jabrowski and "Scotti" altered words in customer complaints and that an "unknown female office manager" "gossiped" to a customer about her employment records. (Compl., ¶ 8, 10.) Lakeberg also claims UPS placed customer concerns in her employment file without her knowledge. According to Lakeberg, these actions all violated the Illinois Personnel Record Review Act.

## ARGUMENT

The Court should dismiss Lakeberg's Complaint because: (1) her sex discrimination allegations under Title VII are time-barred and/or beyond the scope of her underlying charge; (2) she pleads herself out of court on her sex discrimination claim; (3) her defamation claim is time-barred; (4) her claim under the Illinois Personnel Record Review Act fails because she did not exhaust her administrative remedies; and (5) she patently violates Fed. R. Civ. P. 8(a), 8(e)(1) and 10(b).

I.  **Lakeberg's Discrimination Claim Should Be Dismissed Because She Failed to Fulfill The Condition Precedents for Filing A Title VII Suit**

As discussed below, Lakeberg's discrimination allegations should be dismissed because she fails to satisfy the necessary prerequisites for filing suit under Title VII in that (1) she did not

file suit within 90 days of her receipt of the EEOC's Notice of Right to Sue on her First Charge, and (2) the majority of her allegations are outside the scope of her underlying Charge.[4]

A.  **Lakeberg's Claims Are Untimely Because She Did Not File Suit Within 90 Days of Receiving her First Notice of Right to Sue**

Lakeberg's discrimination allegations are time-barred because she failed to file her Complaint within 90 days of obtaining her Notice of Right to Sue on her First Charge on or around June 14, 2005. Lakeberg did not file her Complaint until December 18, 2008 — ***well over two years after she obtained her first Notice of Right to Sue***.

A Title VII plaintiff must file a complaint in federal court within 90 days of receiving a Notice of Right to Sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1); Grayson v. O'Neil, 308 F.3d 808, 817 (7th Cir. 2002). Federal courts require strict adherence to this deadline. See Kyles v. Staff Mgmt., Inc., No. 01C8697, 2002 WL 31121096, at *1 (N.D. Ill. Sept. 25, 2002) (stating: "Even one day's delay beyond the statutory 90-day period is fatal in the absence of a specified basis for equitable tolling . . . .") (citing Wilson v. Doctors Hosp. of Hyde Park, 909 F. Supp. 580, 581 (N.D. Ill. 1996)). Lakeberg blatantly failed to comply with the 90-day filing requirement on her allegations of sex discrimination based on differential treatment by Larry Kruml and her termination on March 7, 2005. Consequently, her Title VII claim should be struck and dismissed.

Additionally, Lakeberg cannot evade the statutory 90-day time limit by simply filing a second EEOC charge complaining of the very same conduct. A plaintiff is not permitted to renew a lapsed EEOC charge by filing a new one. Strickland v. Stanley Smith Security, Inc.,

---

[4] Although some of Lakeberg's allegations were contained in her first EEOC charge (No. 210-2005-0371), she never filed a complaint within 90 days of receiving her Notice of Right to Sue on this initial charge. Accordingly, the allegations in that charge are dead. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(d). See also Grayson v. O'Neill, 308 F.3d 808, 817 (7th Cir. 2002); Threadgill v. Moore U.S.A., Inc., 269 F.3d 848, 849-50 (7th Cir. 2001).

No. 97C3812, 1998 WL 601701, at *3 (N.D. Ill. Sept. 9, 1998).  After all, "[t]o allow a plaintiff to reallege an earlier EEOC charge in a subsequent EEOC charge would render the 90-day time limit for filing lawsuits 'meaningless,' because it would allow the plaintiff to 'evade [the filing requirement] simply by seeking additional Notices of Right to Sue whenever he pleased.'" <u>Blalock v. Bethesda Lutheran Homes and Services, Inc.</u>, No. 01C9188, 2002 WL 31833693, at *3 (N.D. Ill. Dec. 16, 2002) (internal citation omitted).  <u>See also</u> <u>Vitello v. Liturgy Training Publications</u>, 932 F.Supp. 1093, 1098 (N.D. Ill. 1996) (noting that a plaintiff cannot save his first lapsed claim by realleging it in his second EEOC charge, and the 90-day statute of limitations cannot be tolled based on the continuing violation doctrine because the plaintiff believed he was a victim of discrimination at the time he filed his first EEOC charge.)

As discussed above, the EEOC issued Lakeberg a Notice of Right to Sue on her First Charge on June 14, 2005.  Lakeberg never filed suit within the 90-day period.  Instead, two months later, she filed a *second* EEOC charge containing allegations identical to those in her *first* EEOC charge with respect to her termination.  (See Exhibits 1 & 2.)  After receiving a Notice of Right to Sue on her Second Charge on September 20, 2007, Lakeberg filed this Complaint.  Because Lakeberg cannot simply file a second duplicative EEOC charge in an attempt to evade the 90-day time limit triggered by her receipt of the Notice of Right to Sue on her First Charge, Lakeberg's Title VII claim should be dismissed as time-barred.

**B.     Lakeberg's Title VII Claim Should Be Dismissed Because Her Allegations Are Beyond the Scope of Her Second EEOC Charge**

Lakeberg's allegations are not only untimely, but also clearly outside the scope of her underlying Second Charge.  The allegations concerning various discipline and so-called harassment Lakeberg incurred during her years with UPS are not related to her underlying Second Charge of discrimination, which *only* complains of her discharge in March 2005.  (See

Exhibit 2.)  The Seventh Circuit has made clear that "the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals*."  Harper v. Godfrey Co., 45 F.3d 143, 148 (7th Cir. 1995) (quoting Cheek v. W & S. Life Ins. Co., 31 F.3d 497, 501 (7th Cir. 1994)) (emphasis in original).  Thus, if a claim in a complaint does not have a substantial factual relationship with the claim(s) alleged in a charge, it is not reasonably related to the claim in the charge and is barred. This is true, even when the two claims allege the same form of discrimination.  See Vela v. Village of Sauk Village, 218 F.3d 661, 664 (7th Cir. 2000).  As the Seventh Circuit has recognized:

> Because an employer may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of [sex] discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination.  The claims are not alike or reasonably related unless there is a factual relationship between them.  ***This means that the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals.***

Cheek, 31 F.3d at 501 (emphasis supplied) (citing Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir. 1992) (EEOC charge and complaint not alike or reasonably related where employee complained to the EEOC of only certain episodes of discrimination, and then sought judicial relief for different episodes of discrimination)).  Indeed, this is true regardless of the fact that most plaintiffs are *pro se* at the time they file their charge with the EEOC, because ***the requirement of some specificity in an EEOC charge is not a mere technicality***.  Cheek, 31 F.3d at 501 (emphasis supplied).

Lakeberg's underlying charge contains just one allegation:  that UPS terminated her employment because of her sex. (See Exhibit 1.)  Thus, Lakeberg failed to fulfill her condition

- 7 -

precedent to filing this Title VII suit on the remainder of her myriad of allegations, which further warrants their being struck and dismissed.

II. **Lakeberg Pleads Facts That Establish She Cannot Prevail On Her Title VII Claim**

Plaintiff pleads herself out of court with respect to an essential element of her *prima facie* case — that similarly situated employees outside her protected class were treated better. It is well established that if a plaintiff, though not required to do so, pleads facts, and the facts show she is not entitled to a judgment, the complaint should be dismissed pursuant to Rule 12(b)(6). See e.g., Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007) (recognizing, "[a] complaint can also allege too much; a plaintiff may unwittingly plead himself out of court by alleging facts that preclude recovery"); Regenza v. Great Am. Communications Co., 12 F.2d 717, 718 (7th Cir. 1993) (stating that if a party "pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court").

In the body of her Complaint, Lakeberg pleads herself out of court because she admits that other males were also terminated, such as John Abbot, Major Purnell, James Howard, and Russell Ranallo. (Compl., ¶ 13.) She also claims she "was treated less favorably than the males that were discharged."[5] (Compl., ¶ 11.) These allegations are fatal to Lakeberg's sex discrimination claim. One of her *prima facie* requirements is to show she was treated less favorably than similarly situated male employees. See Kriescher v. Fox Hills Golf Resort and Conference Ctr., 384 F.3d 912, 915-916 (7th Cir. 2004) (noting that the plaintiff's ability to identify similarly situated employees treated more favorably is an "essential piece of the *prima facie* case"). Because her admission in the Complaint that male employees were also discharged

---

[5] Lakeberg complains that those individuals received a grievance and panel hearing at Teamsters Local 705 headquarters. (Compl., p. 13.) The fact that Lakeberg alleges her Union failed to file a timely grievance on her behalf is out of UPS's control and has nothing to do with UPS's treatment of her.

- 8 -

negates an essential element of her discrimination claim, Lakeberg's Title VII claim should be dismissed.

### III. Lakeberg's Claim Under Illinois Personnel Record Review Act Fails Because She Did Not Exhaust Administrative Remedies

Lakeberg's claims under the Illinois Personnel Record Review Act (the "Act") are also barred because she failed to exhaust her administrative remedies. A plaintiff cannot file suit under the Act without exhausting her administrative remedies under Section 12(b) of the Act by first filing a complaint with the Illinois Department of Labor ("IDOL"). Section 12 of the Act provides, in relevant part:

> (b) If an employee alleges that he or she has been denied his or her rights under this Act, he or she may file a complaint with the Department of Labor. . . . The Department shall attempt to resolve the complaint by conference, conciliation, or persuasion. If the complaint is not so resolved and the Department finds the employer has violated the Act, the Department may commence an action in the circuit court . . ..
>
> (c) If an employer violates this Act, an employee may commence an action in the circuit court . . . ***where efforts to resolve the employee's complaint concerning such violation by conference, conciliation or persuasion pursuant to subsection (b) have failed and the Department has not commenced an action in circuit court to redress such violation***.

820 ILCS 40/12(b)-(c) (emphasis supplied).

In Anderson v. Board of Educ. of the City of Chicago, 169 F.Supp.2d 864 (N.D. Ill. 2001), the court granted the defendant employer's motion to dismiss the plaintiff's claims under the Act because he failed to exhaust his administrative remedies with the IDOL before filing suit. The court recognized the IDOL as the "primary enforcer of the statute," and found that "an employee's private right of action arises only when the Director is unable to resolve the dispute between the parties and also elects to forego legal recourse." Id. at 870.

Lakeberg's claims should undoubtedly suffer the same fate, as she too neglected to allow the IDOL first crack at resolving any viable claims she may have had under the Act. Accordingly, Lakeberg's claims under the Act are properly dismissed for her failure to exhaust administrative remedies in accordance with Section 12(b).

### IV.     Lakeberg's Defamation Claim Should be Dismissed as Time-Barred

In so much as Lakeberg's complaint attempts to allege a cause of action for common law defamation, such claim is time-barred by the applicable *one year* statute of limitations. 735 ILCS 5/13-201; Bryson v. News America Publications, 174 Ill.2d 77, 672 N.E.2d 1207 (1996). Because the most recent defamatory actions Lakeberg complains of occurred in 2005, any right to file suit on a this theory expired long before she filed her Complaint on December 17, 2007.

### V.     Lakeberg's Hodgepodge of Superfluous Allegations Violates Rules 8(a), 8(e)(1) and 10(b)

Lakeberg's Complaint should be dismissed because it consists of an impenetrable hodgepodge of allegations that are neither capable of surviving a motion to dismiss nor capable of being responding to. The Federal Rules of Civil Procedure require a plaintiff to present a "short and plain statement" of her claim showing entitlement to relief and consisting of "simple, concise and direct" averments. Fed.R.Civ.P. Rules 8(a) & (8)(e)(1). The Rules require that a complaint "be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Servs. Inc., 20 F.3d 771, 776 (7th Cir. 1994) (internal quotations and citations omitted).

The Federal Rules hardly anticipate Lakeberg's meandering and repetitive 11-page pleading that interweaves multiple claims among multiple defendants, many of which this Court has already recognized as defective. UPS, the only remaining defendant, is now left to frame its

response by guessing at what exactly Lakeberg alleges was done to her and by whom. In doing so, it must weed through a myriad of claims that are not only time-barred, but also completely unrelated to the one Title VII claim she included in her underlying Second Charge against UPS.[6] Because the spirit and the letter of Rules 8(a) and (8)(e)(1) seek to save both the defendant and the court from such a fate, Lakeberg's Complaint should be dismissed. See Richee v. Velasco, No. 02C7761 (N.D. Ill. Dec. 4, 2002) (dismissing a *pro se* litigant's Complaint for violation of Rule 8 and noting that even *pro se* litigants "must conform to the procedural requirements imposed on everyone who seeks or who has gained access to the federal courts"); Easely v. Verizon Wireless, No. 03C2969, 2004 WL 2005189 (N.D. Ill. August 24, 2004) (dismissing *pro se* Complaint for failure to comply with Rule 8 and noting that plaintiff's *pro se* status did not excuse her failure to comply "or require imposition of a less severe consequence").

Lakeberg's failure to make any attempt at differentiating which legal theories apply to which defendants also violates the mandates of Rule 10(b). Rule 10(b) requires that claims in a complaint be divided into separate counts to facilitate the clear presentation of the matters set forth. Fed.R.Civ.P. 10(b). The Seventh Circuit has held that district courts may dismiss complaints for noncompliance with Rule 10(b). See Frederiksen v. City of Lockport, 384 F.3d 437, 439 (7th Cir. 2004) (recognizing that failure to comply with Rule 10(b) can justify dismissal). Lakeberg's Complaint combines allegations of discrimination, defamation, and violations of the Illinois Personnel Record Review Act against multiple defendants in the same paragraphs and same counts. Lakeberg's failure to comply with the mandates of Rule 10(b) also warrants dismissal of her Complaint.

---

[6] As set forth herein, multiple bases exist for dismissing Lakeberg's one claim included in her Second Charge.

- 11 -

## **CONCLUSION**

For the reasons set forth above, Lakeberg's Complaint should be dismissed pursuant to Fed. R. Civ. P. Rules 12(b)(6), 8(a), 8(e)(1), and 10(b).

Dated: April 22, 2008

        Respectfully submitted,

        UNITED PARCEL SERVICE, INC.

        By: /s/ Meghan E. Riley
            One of Its Attorneys

John A. Klages, ARDC #06196781
Ellen M. Girard, ARDC #06276507
Meghan E. Riley, ARDC #06288548
Quarles & Brady LLP
500 West Madison Street, Suite 3700
Chicago, IL 60661
(312) 715 – 5000
Jk2@quarles.com
egirard@quarles.com
meriley@quarles.com

- 12 -

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on April 22, 2008, a copy of the foregoing MEMORANDUM IN SUPPORT OF UPS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

      The undersigned also certifies that she served a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF UPS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT upon:

> Kathryn M. Lakeberg
> 4909 Cross Street
> Downers Grove, IL 60515

by placing same in the U.S. Mail at 500 West Madison Street, Chicago, Illinois 60661, properly addressed and first class postage prepaid, before 5:00 p.m. on April 22, 2008.

                                                           /s/ Meghan E. Riley